244 So.2d 313 (1971)
Elizabeth Ann WIEDEMAN, divorced wife of John James OVERSTREET
v.
John James OVERSTREET.
No. 4256.
Court of Appeal of Louisiana, Fourth Circuit.
February 8, 1971.
Cabral & Cabral, Harry R. Cabral, Jr., Metairie, for plaintiff-appellee.
Mmahat, Gagliano, Duffy & Giordano, Lucas J. Giordano, Metairie, for defendantappellant.
*314 Before CHASEZ, LEMMON and GULOTTA, JJ.
CHASEZ, Judge.
In April of 1965 plaintiff-appellee, Elizabeth Ann Wiedeman, wife of John James Overstreet, was granted a judgment of separation based on cruel treatment. Custody of their minor child, Julie, was awarded to the mother. The judgment of divorce was granted in May of 1967 but no mention was made with regard to custody of the child.
On May 22, 1968 judgment was entered awarding permanent custody of the minor child to the mother, Elizabeth Ann Wiedeman.
On September 5, 1969 a rule was filed by John James Overstreet alleging that Elizabeth Ann Wiedeman was not fit to retain custody of the child, further alleging that he, John James Overstreet, was fit to be awarded custody of the child and, in the alternative, should the court find he was not the proper person for custody, that Mrs. Joyce Overstreet, the paternal grandmother of the child, was the proper person to be awarded custody of the minor child.
On September 8, 1969 a motion for contempt was filed by Elizabeth Ann Wiedeman against John James Overstreet, on the grounds that Mr. Overstreet had failed to return the child to its mother at the end of his visitation period with the child, in violation of the Court Order granting the mother custody.
The rule of the father for change of custody and the motion of the mother for contempt were tried together and judgment was entered on December 22, 1969, dismissing the motion to find Mr. Overstreet in contempt and dismissing the rule filed by Mr. Overstreet for a change of custody of the child.
Mr. Overstreet appealed from the dismissal of his rule to change custody but Mrs. Overstreet did not answer the appeal or appeal herself from the dismissal of her motion to find Mr. Overstreet in contempt. Therefore, the only question on appeal is whether the trial court erred in dismissing the change of custody rule filed by defendant-appellant, John James Overstreet.
The law controlling the area is without doubt. Always in custody cases the paramount concern is the interest and welfare of the child. Stouder v. Stouder, La.App., 224 So.2d 855 (4th Cir. 1969) and the many cases cited therein. As a general rule the mother is awarded custody of the child. Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311 (1953), but the presumption that the mother will be awarded custody is refuted if it is proven that the mother is morally unfit to have custody of the child. State ex rel. Stokes v. Stokes, La.App., 222 So.2d 573 (1st Cir. 1969). If the mother is found to be unfit, the father has the presumptive right to custody. Shilling v. Doyle, La.App., 218 So.2d 72 (3rd Cir. 1969). And if, for some reason, both mother and father are found to be unfit to have custody of the child, custody may properly be awarded to a grandparent. Stokes, supra; Roller v. Roller, La.App., 213 So. 2d 161 (3rd Cir. 1968.)
It is also well settled that the party seeking to change a judgment which awarded permanent custody to the mother or the father must not only prove that the present environment in which the child is living is detrimental to his welfare and best interest, but must also prove that he or she is able to provide the child with a more suitable environment. Poitevent v. Poitevent, La.App., 152 So.2d 256 (4th Cir. 1963); Fletcher v. Fletcher, La.App., 170 So.2d 144 (2nd Cir. 1964).
The facts indicate that Elizabeth Ann Wiedeman, former wife of John James Overstreet, admitted living with her present husband, Daniel Castrillo, from the latter part of July 1969 until September, 1969, at which time they were married. The child Julie lived with her mother at the *315 same address. Julie had her own bedroom and, according to the testimony of her mother, was not aware of the relationship between Dan Castrillo and herself.
Complaint was also made by the father that the child was allowed to walk some nine or ten blocks to school supervised only by some older children with whom she walked. This in fact did occur at the beginning of the school year, but was later corrected.
The primary complaint, however, was the living together of Elizabeth Ann Wiedeman and Dan Castrillo for approximately two months prior to their marriage. The record indicates that the two were planning to marry for some time and in fact did marry in September of 1969.
While living together openly is a serious transgression, the facts in the case at bar taken as a whole, do not reflect the occurrence of any change which would place in jeopardy the welfare and best interest of the child. As was said in Estopinal v. Estopinal, supra, 66 So.2d at page 313:
"The law is well settled to the effect that in cases of custody of children, the mother is to be preferred unless she is shown to be morally unfit. The question posed here is, does the one indiscretion she has committed render her morally unfit? A person who is puritanically inclined would say that she is; one who is more practical would say she is not. Courts always endeavor, when possible, to take the practical view of such matters. We do not think that because of this one error in her life, grievous as it was, she should be deprived of the legal custody of the child, especially one of such tender age, requiring her care and attention more than that of the father. It is the child's own interest and welfare that is of paramount importance and we are sure that the district judge gave that matter due consideration when he held that at the time of the trial, the mother was not morally unfit to provide for its welfare. Should she prove to be undeserving in the future, the law has wisely reserved to the father the right to apply to the Court to have the decree of custody changed."
Since their marriage Mrs. Overstreet and her new husband, Mr. Castrillo, have led exemplary lives and have provided a good home for Julie and for Mr. Castrillo's children from a previous marriage and, as stated in Estopinal the law has reserved to the father the right to have the decree changed should future circumstances warrant a change.
The trial court felt that the welfare of the child would be better served by retaining custody to the mother, rather than the father or grandmother.
"Under the law and settled jurisprudence of this State, the trial judge has the discretion of awarding the custody of a child whose parents are legally divorced in accordance with the circumstances existing when he is called to act. Although this discretion is subject to review and control by us, we are usually reluctant to reverse a judgment in these instances, unless we find and conclude that the trial judge has abused the discretion vested in him." Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3 (1953).
Our review of the record convinces us that the trial judge committed no abuse of the discretion vested in him and the judgment will therefore be affirmed.
For the foregoing reasons, the judgment of the trial court dismissing the rule for change of custody taken by John James Overstreet and retaining custody of the child in its mother, Mrs. Elizabeth Ann Wiedeman Overstreet Castrillo, is affirmed.
Affirmed.