AYRES, Judge.
This is an action for a final divorce predicated upon the parties’ having lived separate and apart for more than a year following a judicial separation. Other issues involved pertain to questions relating to the custody of two minor children, two boys whose present ages are 19 years and 11 years, respectively, of alimony for the defendant wife and support for the children, and of the father’s visiting privileges, especially with the younger child who is afflicted with a congenital heart condition and other serious complications, possibly of related causes.
Upon the trial of this cause plaintiff was granted a divorce. The defendant was awarded alimony for herself in the sum of $350 per month and support for the two children in an identical sum, all as was formerly granted in the decree of separation. The mother was granted custody of the two children subject to visitation rights of the father, which included, particularly *113 with reference to the younger child, the right of the father to have the child visit him overnight during weekends and for a week at a time on occasions during the summer vacation months.
From a judgment in accordance with the above recital, defendant appealed. No question is raised or issue presented as to the granting of the divorce. The defendant, however, assigns as error the action of the court in making inadequate awards of alimony for herself and of support for the minor children, and in granting visitation rights to plaintiff extending through overnight periods with respect to the younger child, James Mason Phelps.
In June, 1967, at the time of the rendition of the decree of separation from bed and board, alimony and child support of $350 per month each, or a total of $700 per month, was awarded, as aforesaid, to the wife and children. In this proceeding, defendant has sought an increase in each of these items to the sum of $500, or to an aggregate of $1,000 per month.
The husband, as plaintiff, suggested the awards as fixed in the separation decree be continued and incorporated in the decree of divorce, even though, during the period of six months immediately preceding the trial of this cause, his net earnings had been reduced to $8,020. It may be further noted that on account of the younger son’s affliction it has been necessary, and will, in all probability, continue to be necessary, that the child be hospitalized for varying periods of time and at irregular intervals. Enormous hospital and medical expenses are incurred on these occasions, the excess of which, over insurance coverage, is assumed and paid by plaintiff. In addition, his own expenses in connection with such hospitalization, such as travel expense and other expenses incidental to his son’s illness, are plaintiff’s obligation.
The record reflects that plaintiff has been punctual and diligent in the payment of not only the alimony and support, but also the hospital, medical, and other expenses charged to him in connection with his son’s affliction. Nowhere in the record is it shown that plaintiff at any time shirked his responsibility with respect to these payments. On the other hand, the defendant wife, through her own frugality, has commendably accumulated a small savings from the payments made to her. No contention is made that, on account of this saving for future needs and emergencies, plaintiff’s payments should be reduced.
We find no basis for any conclusion that the payments of alimony and support are either inadequate or excessive. We therefore find no reason warranting, at this time, any change in the awards.
The great and primary contention in this cause, on appeal, relates to the overnight visitations of the younger son with his father, which rights were granted in the judgment. Under normal conditions, the mother would, it appears, accord plaintiff that right. However, because of the child’s affliction, the mother experiences great apprehension as to the child’s welfare during overnight or extended visits.
The testimony reflects, as heretofore noted, that the younger of the minor children suffers from a congenital heart condition involving the mislocation of an opening in his heart. To alleviate this condition the child has undergone heart surgery; he has also undergone brain surgery; he suffers from a mild epileptic condition; and he has an uncontrolled, or uncontrollable, bladder problem. His condition requires constant supervision, attention, and the giving of prescribed medicine. Little, if any, physical exertion is permitted. The child’s activities must be carefully watched to prevent serious illness or other complications. Because of the child’s extensive medical history, in the light and ■nature of his affliction, he is indeed subject to a serious medical problem and requires constant, available medical services for the protection of his health and welfare.
*114 The trial court, without question, has considerable discretion in the fixing of visitation rights. The paramount questions to be considered in all such cases are the best, interest and welfare of the minor. The father of the child unquestionably has the right to visit with his son.
The question here is whether or not, because of his son’s unusual physical condition, the child’s custody should be somewhat limited to his mother.
We are impressed by the sincerity and earnestness of both father and mother in their approach to this matter. Obviously, uppermost in their minds is the welfare of the child. The mother is apprehensive for his welfare if she is not available and personally administering to his every need. This is understandable. Nevertheless, the wife’s testimony as to the basis of apprehension is not corroborated by the testimony of any other witness. No expert testimony was produced justifying the wife’s apprehension or that overnight and short visits with the father would jeopardize the child’s well-being. The father, on the other hand, contends that he is as able as the mother to care for the child during brief visits and that the child should have the benefit of his services and influence during his formative years.
Awards of custody are always made in the interest of the child; they are temporary in character and subject to alteration as changed circumstances may necessitate or require. Over long periods of time, with an afflicted child such as we have here, the loving care and attention of a mother can scarcely be excelled. The trial court has, however, concluded that the care and attention of a devoted father for brief periods of time are not detrimental to the child’s welfare. If the results from these visitations are unsatisfactory and detrimental to the child’s welfare, they are subject to an expeditious modification. We are unable to point out, at this time, any manifest error in the trial court’s solution to the father’s visitation rights.
Nor do we find that the father’s rights of visitation, as limited by the decree, are such as would constitute, in fact, a division of custody of the child between the mother and father.
The success of any plan for the custody of minor children, whether agreed upon by the father and mother or fixed by judicial decree, is largely dependent upon their cooperation.
In many respects this record discloses the existence of a pathetic situation as between the father and mother — too often this is the situation; that mutual love and respect, due each by the other, have apparently vanished. Love has seemingly turned to hate. The parents are unable to communicate with each other. Hatred and ill will seem to be a predominating factor in every situation in which they are concerned. Perceptive minds of youths are not easily deceived but readily yield to and are influenced by their conditions and surroundings and by what they see and hear. These conditions, irrespective of whose fault a separation results, are not conducive to the best interest and welfare of the unfortunate minors. If a conjugal relationship is to be dissolved, let it be done in peace. Hatred and ill will generally harm the harborer of those feelings most and adversely affect and supplant otherwise pleasant dispositions, particularly of those of the children with whom they are, or should be, closely associated.
For the aforesaid reasons, the judgment appealed is affirmed.
Costs are assessed to appellant and ap-pellee in equal proportions.
Affirmed.