PRICE, Judge.
Kennon Powell was granted an absolute divorce from Lula Belle Clark Powell in-Arkansas on June 30, 1969. Lula Belle Clark Powell was granted custody of Roger Kennon Powell and Judy Lynn Powell, the two minor children born of the marriage.
On September 11, 1971, Kennon Powell, now a resident of Hosston, Louisiana, picked up the children at Lula Belle Clark Powell’s residence in Bossier Parish. Kennon Powell never returned the children to their mother.
Lula Belle Clark Powell petitioned the district court of Bossier Parish for a writ of habeas corpus directing Kennon Powell to appear with the children and show cause why they should not be restored to her custody. Kennon Powell answered the petition and prayed that Lula Belle Clark Powell show cause why judgment should not be rendered granting custody of the two children to him.
A hearing was held, and judgment was rendered in favor of Kennon Powell, awarding him custody of the two minor children, subject to reasonable visitation privileges by Lula Belle Clark Powell.
From this adverse judgment Lula Belle Clark Powell was granted a devolutive appeal in forma pauperis.
It is well settled that the party seeking to change a judgment of custody must prove that the present environment *694 in which the children are living is detrimental to their welfare and best interest, and that he or she is able to provide the children with a more suitable environment. Overstreet v. Overstreet, 244 So.2d 313, La.App. (4th Cir.1971); Emery v. Emery, 223 So.2d 680, La.App. (4th Cir. 1969). Obviously the trial judge felt that Kennon Powell sustained this burden of proof.
The welfare of the children is of primary concern in these cases, and the judgment of the trial court is entitled to great weight. “He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards.” Fulco v. Fulco, 259 La. 1122, 1130, 254 So.2d 603, 605 (1971).
Although the testimony is somewhat conflicting, it preponderates that the mother of these children was not providing them with a clean, wholesome environment. There is evidence to the effect that the children were dirty, undernourished, and sick while in the mother’s custody. There is also evidence that the mother wandered the streets of her community with the children at late hours. On the contrary, it appears that since residing with their father and his present wife, the children are cleaner, well nourished, and more alert. There is some evidence that the father is a heavy drinker. However, he is employed at a salary of $800 per month, and there is no evidence that he has any problem maintaining his employment.
As indicated earlier, the trial judge has great discretion in child custody matters, and our review of the record convinces us that the trial judge committed no abuse of discretion.
For the foregoing reasons, the judgment of the trial court changing custody of the children from Lula Belle Clark Powell to Kennon Powell is affirmed.