SAVOY, Judge.
Ethel Rae Orgeron Carmichael and Patrick R. Carmichael were divorced by judgment of the 15th Judicial District Court, Parish of Lafayette, Louisiana, the judgment of divorce being signed on April 24, 1970. As a part of the judgment decreeing a final divorce, Ethel Rae Orgeron Carmichael, appellant herein, was granted custody of the children of that marriage, namely, Kenneth Brian Carmichael, Kathleen Carmichael, Kolleen Carmichael, Konnie Carmichael, and Karen Carmichael.
On September 30, 1971, appellee, Patrick R. Carmichael, commenced the instant proceedings by the filing of a rule to show cause why he should not be granted the care, custody and control of his five minor children. This rule was heard on the merits on October 11, 1971, and judgment was rendered on January 7, 1972, setting aside and rescinding the former custody order and ordering the custody of the minor children born of the marriage to be awarded to appellee, Patrick R. Carmichael.
On February 24, 1972, the trial court denied appellant’s motion for a new trial and subsequently, her request for writs of certiorari, mandamus and prohibition were denied by this Court. From this judgment, defendant in rule-appellant perfected the instant appeal.
In its written reasons for judgment, the trial court first pointed out that the appel-lee has remarried and is earning a salary of approximately $18,500.00 per year.
The court then discussed the testimony regarding various illicit relationships between the appellant and various men and then stated, with regard to the mother’s testimony, “The court has the impression from the mother’s testimony and demeanor that she has no regrets for her actions and apparently feels that it is perfectly proper for Mr. Leonpacer to be present in front of her children and for her children to know of their illicit relationship because some day they intend to marry.”
Following the discussion of the testimony and the witnesses, the court concluded:
“The court is very reluctant to disrupt the children and remove the custody from the mother, however, the court finds that the mother is morally unfit and feels that the welfare of the children will best be served by awarding custody to the father.”
In Fulco v. Fulco, 259 La. 1122, 254 So.2d 603, our Supreme Court enunciated the rule requiring that great weight be given to the trial court’s decision in matters of child custody. In that case the court stated:
“Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof.”
Appellant, before this Court, urges that the trial court erred in permitting .evidence concerning the alleged conduct of the appellant prior to the time of the judicial separation and divorce, in that this testimony was too remote in time and had no relevancy or materiality to the issue before the court.
We find no merit in that contention. The rulings of the trial court at the time of trial made it clear that these matters were being admitted to evidence for purposes of credibility and character, and in its written reasons for judgment, the trial court apparently based its reasons for judgment upon an overall view of the testimony and the evidence, and discussed primarily the testimony of appellant’s illicit sexual relationship with a Mr. Leonpacer.
The testimony of appellant’s continuing illicit sexual relationship with Mr. Leonpacer was supported by the testimony *670 of Kenneth Carmichael, the 17-year-old son of the Carmichaels. The appellant testified herself as to this close relationship with Mr. Leonpacer, and that she made^no effort to prevent the children from knowing of this relationship. In response to a question asking him to tell why he was living with his grandmother and grandfather and not living with his mother, Kenneth Carmichael testified:
“Because I don’t appreciate what my mother was doing by having men sleep in the house like that.”
Appellant further urges that the trial court erred in changing custody in this matter because appellee failed to maintain the burden of showing that the living conditions at present are detrimental to the best interest of the children, and that ap-pellee could provide a better and more advantageous living condition.
In addition to the testimony concerning the present living conditions of the children and the mother’s relationships particularly with Mr. Leonpacer, the record in this case shows that Patrick R. Carmichael remarried on June 6, 1970, and that this income is presently in excess of $18,000.00 per year.
At the trial of this matter appellee’s present wife testified that if the court granted custody to the appellee, it was their intention to move into a larger home, and the appellee would remove himself from travel status in his present job.
After a thorough examination of the record in this matter and recognizing the trial court’s great discretion in such matters, we find that the conclusions of the trial court are amply supported by the record. We cannot say that the decision of the trial court in this matter is manifestly erroneous.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant, Ethel Rae Orgeron Carmichael.
Affirmed.