276 So.2d 408 (1973)
Houston Payne STUCKEY, Jr., Plaintiff-Appellee,
v.
Gloria Boles STUCKEY, Defendant-Appellant.
No. 12064.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1973.
*409 Love, Rigby, Dehan & Love by Samuel P. Love, Jr., Shreveport, for defendant-appellant.
Harold D. Vaught, Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and HEARD, JJ.
PRICE, Judge.
This is an appeal by the mother of a two year old child from the judgment of the trial court awarding pendente lite custody of the child to the paternal grandparents.
Houston Payne Stuckey, Jr., filed suit for separation from bed and board against Gloria Boles Stuckey, alleging defendant had abandoned him. Plaintiff also requested and obtained an order granting him provisional custody of their child, David Lee Stuckey.
Defendant reconvened for judgment in her favor for a separation and requested the pendente lite custody of the child be awarded to her. Plaintiff answered defendant's reconventional demand, alleging she is an unfit person to have custody of the child because of her immorality and instability in maintaining a home for the child. Plaintiff further alleges he has been arrested in the State of North Carolina since filing his original petition and because of his incarceration the custody of the child should be granted to his parents, Mr. and Mrs. Houston P. Stuckey, Sr., who have had physical custody of the child since September of 1971.
After a trial of the rule nisi brought by defendant to show cause why she should not be awarded custody of her minor child, the court found the evidence to show it was in the best interest of the child to remain in the custody of the grandparents and pendente lite custody was thus awarded to them.
On this appeal defendant complains the trial judge abused his discretion in awarding custody to the grandparents instead of the natural mother of the child. Defendant further contends the court was without authority to award custody to grandparents who were not parties to the suit and who had not intervened in the action.
Defendant takes the position the recent Supreme Court case of Griffith v. Roy, 263 La. 712, 269 So.2d 217 (1972) specifically holds that a district court of the state does not have authority to award custody of minor children to grandparents over natural parents. We do not interpret Griffith to be in conflict with the rule followed by the jurisprudence of this state that when both the mother and father have been found unfit or otherwise incapable of assuming custody, it is appropriate to award custody of a minor child to a grandparent. Theriot v. Pulling, 209 La. 871, 25 So.2d 620 (1946); Roller v. Roller, 213 So.2d 161 (La.App.3d Cir. 1968).
*410 In Griffith the paternal grandfather who was then in physical possession of the children instituted a suit in district court against the mother who had been granted provisional custody in a prior separation proceeding, alleging the children had been neglected by the mother and that she was an unfit person to have custody. Judgment was rendered by default giving the grandfather permanent custody. Thereafter the mother filed a habeas corpus proceeding seeking the custody of her children and also filed a rule in the suit which awarded custody to the grandfather, asking the judgment be changed granting her custody.
After a consolidated hearing of the two matters, the district court denied the request for a writ of habeas corpus and maintained the custody in the grandfather. This judgment was affirmed by the Court of Appeal but was reversed by the Supreme Court on the basis of a lack of jurisdiction of the district court to entertain a petition filed by a third party asserting a child is a "neglected" child. The court construed the grandfather's petition as being in the nature of a "neglect complaint" such as may only be filed by the State in the juvenile courts of this State. By reference to footnote 5 of the opinion of the court it is clear the scope of the court's holding is thus limited to the jurisdictional question alone. We do not, therefore, find the holding of the Griffith case applicable to this case.
La. C.C. Art. 146 provides:
"If there are children of the marriage, whose provisional keeping is claimed by both husband and wife, the suit being yet pending and undecided, it shall be granted to the wife, whether plaintiff or defendant; unless there should be strong reasons to deprive her of it, either in whole or in part, the decision whereof is left to the discretion of the judge."
In evaluating the question of the alleged abuse of discretion by the trial judge, we refer to the language of the Supreme Court in the case of Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), quoting as follows:
"Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Salley v. Salley, 238 La. 691, 116 So.2d 296 (1959); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952)."
We think the trial judge's determination that defendant is unfit at the present time is supported by evidence in the record. Plaintiff and defendant were married in March, 1970. Their child was born in December, 1970. They separated in May, 1971. At that time defendant was under the age of 18 years and was unemployed. She took the child with her to Indianapolis, Indiana, to live with an aunt. She returned to Shreveport in September, 1971. Upon her return to Shreveport, she voluntarily entrusted the child to the custody of the paternal grandparents.
The testimony as to where defendant lived between October, 1971, and January, 1972, is contradictory. Defendant contends she lived with a friend named Liz Johnson. There is evidence to this fact. However, there is other evidence indicating defendant lived with a young man at the El Conquistador Apartments. We think the preponderance of evidence indicates defendant lived with her girl friend during part of this three month period and with the young man during the remainder of the period. There is evidence elicited from girl friends of defendant, who reluctantly appeared in response to subpoenas, that defendant had *411 at one time confided in them that she thought she was pregnant by the young man.
In January, 1972, defendant went to California seeking employment, but being unable to find it, returned to Shreveport in February. Thereafter she went to Dallas, Texas, and moved in with the mother of the young man with whom she had lived in Shreveport. There is evidence to indicate that the man also moved back to Dallas. At the time of trial on the rule, defendant still lived in Dallas.
It is significant to note that between the time defendant voluntarily left the child with the paternal grandparents in September, 1971, and the time suit was filed in September, 1972, defendant made only two or three visits to see the child. Moreover, she never informed the Stuckeys of her address in Dallas.
We think the evidence, taken as a whole, shows that defendant at the present time is unfit to have custody of the child. At some time in the future when defendant demonstrates more maturity and shows that she can provide a suitable home for raising her child, she can return to court and seek custody.
The trial court decided the father was unfit to have custody of the child and since no appeal was taken from this finding, we find it unnecessary to detail the facts which illustrate the father's unfitness.
Although the evidence shows the grandparents' income is modest and that they have two daughters residing in the home dependent on them for support, the court found it to be in the best interest of the child to be left in their home for the present. The court did not consider the misconduct of the plaintiff, Houston P. Stuckey, Jr., was imputable to his parents and specifically conditioned its award on the assumption plaintiff would not be allowed to return to the Stuckey, Sr., home to reside should he be released from incarceration.
In the case of Roller v. Roller, supra, the court did not find it essential that the grandmother be a party to the action to clothe the trial court with authority to award custody to her. We believe this is a sound rule which allows the trial court the necessary flexibility to do what is necessary in the best interest of the child which should be of primary concern.
Although we recognize it is difficult to deprive a young woman of eighteen years of the custody of her own child, it is apparent to us the trial judge has acted solely in regard to what he believes is in the best interest of the child and has not abused the discretion accorded him under the law. It should be noted the award made is only for pendente lite custody and is subject to further review upon the trial of the merits of the main demand.
For the foregoing reasons the judgment appealed from is affirmed at appellant's costs.