WILLIAMS, Judge.
This is a habeas corpus proceeding by appellant, Glenda Gonzaque, an unwed mother, seeking the return of her natural child, Felicia Gail Gonzaque, who is in the physical possession of her natural paternal grandparents, Emmitt L. Samuels and Inez .Samuels, appellees. The grandparents in reply to the writ were present in court on the date of trial represented by counsel. No pleadings were filed by their counsel, and after a hearing, the trial court vacated the writ and dismissed the suit. Glenda Gonzaque urges this court to reverse the trial court’s judgment and return the child to her.
The evidence shows the child was born October 8, 1971. Four days later appellant and the infant moved into the home of the Samuels, where they resided until March, 1972, when following an altercation between appellant and the natural father, she took the child from the Samuels’ home during the night without their knowledge. Within three days the child was returned ill with pneumonia. Again in May, 1972, appellant took the child from the Samuels’ home. On its return in July, 1972, the child was found to have been improperly fed and seriously afflicted with a rash and sores from lack of proper attention and cleanliness. The child and appellant remained with the Samuels until January, 1973 when appellant moved. Thereafter she had no fixed residence, but the child remained with the Samuels.
The evidence discloses appellant has two older illegitimate children, 6 and 4 years of age, who are living with their natural grandmother because their mother is unable to furnish them regular support and has not sought employment.
The Samuels have had physical possession of Felicia Gail since birth except for short intervals when the child was with her mother. On each occasion when returned by her mother, the child was de *374 scribed as sick, underfed and withdrawn. At no time has appellant contributed any funds to the Samuels for the child’s support.
Mr. Samuels is a Staff Sergeant in the United States Air Force with a service record of 27 years. No adverse criticism of their living conditions is readily apparent from the record. They have provided a wholesome and healthy environment for Felicia Gail.
In Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971) and Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972) our Supreme Court stated that the paramount consideration in determining custody is always the welfare and best interest of the children. In granting custody, the paramount right of the mother to it, especially where the child is of tender years, should not be denied unless she is found to be morally unfit or otherwise unsuitable. In both Fulco and Estes, supra, the Supreme Court said:
“Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof . . ..” [254 So.2d 603, 605]
The trial judge had ample proof of the natural mother’s unsuitability due to neglect of her child, her lack of stability and complete disregard of acceptable moral standards. The health, welfare and best interest of the child, Felicia Gail, dictates that she remain in the physical possession of her natural grandparents, Mr. and Mrs. Emmitt L. Samuels. As this court stated in Stuckey v. Stuckey, 276 So.2d 408 (La.App., 2d Cir. 1973):
“ * * * At some time in the future when defendant demonstrates more maturity and shows that she can provide a suitable home for raising her child, she can return to court and seek custody.” [276 So.2d 408, 411]
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.