281 So.2d 867 (1973)
Russell M. COOK, Plaintiff and Appellant,
v.
Vesta Jean Cook WINGO, Defendant and Appellee.
No. 4257.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1973.
Rehearing Denied September 14, 1973.
Writ Refused October 26, 1973.
Watson, Murchison, Crews & Arthur by William P. Crews, Jr., Natchitoches, for plaintiff-appellant.
Gerard F. Thomas, Jr., Natchitoches, for defendant-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
The plaintiff father filed a rule to fix specific times for visitation with his ten year old son, whose custody was previously granted to the defendant mother. From a judgment rejecting a portion of the visitation rights sought, the plaintiff appealed.
The substantial issue is whether the district judge abused his great discretion in such cases.
The general facts are that plaintiff and defendant were divorced in 1970. They had five minor children ranging in age from 19 years down to ten years. Custody of these children was granted to the mother, with reasonable rights of visitation reserved to the father.
In January of 1972 the oldest child was judicially emancipated. In February of 1972, pursuant to a joint motion, the custody of the three oldest of the remaining minors was awarded to the father and the custody of the youngest child was retained by the mother. Since that time the three children of whom the father has custody have lived with him on a large farm near Natchitoches. The child of whom the mother has custody has lived with her in the city. The present difficulty arose out of an inability of the father and mother to agree on reasonable visitation rights of the father with the youngest child, Ray Earl Cook, who is ten years of age.
*868 The visitation rights sought by the father are: (1) From 4:00 p. m. on Friday until 8:00 p. m. on Sundays on alternate week ends, (2) on alternate major holidays of each year, and (3) six continuous weeks during each summer. The visitation rights granted by the district judge are: (1) From 4:00 p. m. on Friday until 6:00 p. m. on Sunday of the third week end of each month, (2) on Easter, Thanksgiving and Christmas from 2:00 p. m. until 8:00 p. m., and (3) two weeks during each July.
In this appeal the plaintiff father contends he should have visitation rights with his youngest child on at least two week ends per month, that he should have longer visiting hours on the major holidays, and that he should have more than two weeks during the summer.
No useful purpose would be served by discussing the evidence. The trial judge has done this in his written reasons for judgment. Suffice it to say, that both parents love their child, but they are unable to agree on reasonable visitation rights for the father. The trial judge recognized that the paramount consideration is the welfare of the child. He mentioned in particular that control over the child by the spouse who has custody must be protected. The district judge was obviously concerned that greater visitation rights by the father would, under the circumstances of this particular case, jeopardize control of the child by the mother. Such reasoning is consistent with the jurisprudence which frowns on divided custody. See Johnson v. Johnson, 214 La. 912, 39 So.2d 340 (1949), in which our Supreme Court succinctly stated: "visitation should never in any case be extended to the point where it becomes divided custody or a division of such authority."
Also particularly applicable here is the established rule that the determination of the trial judge in child custody and visitation matters is entitled to great weight, and his discretion will not be disturbed on review in the absence of a clear showing of abuse thereof, Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). Under this rule, it is clear that the judgment in the present case must be affirmed.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.