BLANCHE, Judge.
This is a devolutive appeal by defendant-appellant, Ida Frances Henderson Boudreaux, from the judgment of the trial court ordering a change of custody of the three minor children born issue of the former marriage of plaintiff-appellee, William H. Henderson, and defendant-appellant. Finding no abuse committed by the trial court in its discretion relative to change of custody in the best interests of the minor children, we affirm.
The trial judge rendered Written Reasons for Judgment, excerpts from which we reproduce approvingly, viz.:
“This court finds that the present Mrs. Boudreaux, mother of the three children, abandoned her husband in Mississippi some time ago, resulting in his obtaining from her a divorce decree in Pearl River County, Mississippi, awarding the mother the custody of the children, reserving visitation to him, and child support of $140.00 per month which was paid regularly by the father. In the Fall of ’72, Mrs. Boudreaux, living with her children, became enamored of Mr. Boud-reaux, lived in open concubinage from Labor Day weekend of 1972 until March 15, 1973 and could not at that time be married because Mr. Boudreaux was still married to his former wife, who, in the early part of 1973, obtained a judgment of divorce from this court on the ground of her husband’s adultery with the then Mrs. Henderson, now Mrs. Boudreaux. While it is true that the testimony indicated that the neighbors and children believed Mr. and Mrs. Boudreaux to be married, they were not in fact married until March 15, 1973 at 8:00 p. m. in West Baton Rouge Parish, this being the same day that the child, Angela, was picked up by the deputies of the Juvenile Division of the Sheriff’s Office of East Baton Rouge Parish and hospitalized for severe bruises about the buttocks. The testimony was that although they had intended to get married, the wedding rite was speeded up on advice of counsel. *737 All witnesses who testified on behalf of Mrs. Boudreaux, friends of the family, admitted that each of them knew that the couple were not in fact married, and at least one of them attended the marital rites on March 15, 1973. In the judgment of this court, this conduct on the part of Mr. and Mrs. Boudreaux constituted a gross departure from the accepted standards of morality and decency as required by the mores of this community and this court. This couple lived in open concubinage to the moral detriment of themselves and ultimately of the children.
“The child, Angela, testified in detail, with clarity, with candor, and most charmingly as to the facts surrounding what the deputies and the medical expert, Dr. Larry Hebert, and others described as a brutal beating to this child of tender years. This beating, in the light of the medical testimony, was not a routine spanking or disciplinary measure, but amounted to an excess of force and abuse on the part of the mother’s paramour not consistent with the ordinary discipline of children or with the mores and standards of conduct and parental care that the law requires. This took place in the presence of the mother and the other children and was a repetition of previous disciplinary measures.
“Dr. Larry Hebert, Chief of Pediatrics at Earl K. Long Charity Hospital, Baton Rouge, Louisiana, and a recognized expert on battered and abused children, testified to the effect that this child exhibited and the exhibited pictures in this court indicated that this child was the victim of a series of brutally administered beatings and an overuse of force required in the normal discipline or spanking of a little girl of tender years. In the opinion of this court, Dr. Hebert, who has testified repeatedly and consistently upon the subject of abused and battered children in this court, stands unparalleled in his degree of expertise relative to the care, abuse, and battering of youngsters. His testimony must be given, and is here given, the very greatest of weight and respect. His judgment and his medical opinion may not be lightly regarded by this court, but on the other hand, must be given the greatest of consideration and worth of weight.
“The natural father of all three children, Mr. Henderson, displayed to the court the attitude and outlook of a very decent, respectable, working man recently married to a very nice and apparently stable young woman living together in their settled and stable home in the environs of Picayune, Mississippi. Each of them seems to this court to be sincerely motivated in the interests of these three children; and further, in the opinion of this court, the home they have provided for the child, Angela, since March 19, 1973 is decent, suitable, and is ideal for the rearing of these three children. In comparison, the home and behavior and conduct of the present Mr. and Mrs. Boudreaux is not to be compared in standards of rectitude to that of the Hendersons.
“This court, therefore, in the light of the evidence and the law, awards the permanent custody of the three children here at issue to their father, Mr. Henderson, subject to all reasonable rights of visitation on the part of Mrs. Boud-reaux, provided that Mr. Boudreaux be admonished and restrained by these presents from the physical discipline of the children. Further, the child support payments paid by the father to the mother of these children are terminated and cancelled.” (Written Reasons for Judgment, Record, pp. 19-21)
Defendant-appellant contends that the trial judge erred in two respects; namely, in holding that the living in open concubinage rendered appellant morally unfit to retain the custody of her three minor children and, secondly, in holding that the so-called spanking applied by appellant’s present husband but paramour at the time, Mr. Roy Boudreaux, to the eldest child *738 Angela Henderson, age seven years at the time of the March 14, 1973, incident, constituted child brutality of such a nature as to warrant a change of custody not only of this child but also of her two younger siblings.
We find from our review of the entire record that the trial judge committed no manifest error or abuse of discretion in considering that the totality of the circumstances and the best interests of these three minor children warranted a change of custody from the mother to the father.
Counsel for defendant-appellant has cited cases such as Overstreet v. Overstreet, 244 So.2d 313 (La.App. 4th Cir. 1971), and Estopinal v. Estopinal, 223 La. 485, 66 So. 2d 311 (1953), for the proposition that mere living in open concubinage does not per se disqualify the mother from retaining custody of minor children, especially those of tender years. Such cases are readily distinguishable from the factual circumstances encountered in the instant litigation, and each case must be reviewed in the light of its particular factual situation.
The Louisiana Supreme Court recently had occasion to enunciate the proper standard of appellate review to be applied in child custody cases of this nature in Estes v. Estes, 261 La. 20, 258 So.2d 857, 860 (1972), as follows:
“ * * * If the trial court decides which parent should best have custody for the children’s sake after it has applied correct principles of law, a reviewing court should disturb such custody determination only where there is a clear abuse of the trial court’s discretion in the matter, even though reasonable minds might differ as to the children’s best interest under the variant circumstances suggested by a particular record.”
We cannot say after reviewing this record that the trial judge clearly abused his discretion in finding and concluding that the best interests of these three minor children would be served by changing their custody from the mother to the father. While neither the living in open concubinage nor the related incidents of child beating might separately and standing alone necessarily warrant a change of custody in these proceedings, we cannot say that the trial judge erred in concluding that the combination of these factors as well as the other circumstances appearing of record properly warranted a change of custody of these three minor children of tender years.
The legal principles enunciated in various cases cannot be applied with mathematical precision to a particular set of factual circumstances, especially involving a matter of such delicacy and importance as the custody and environment in which young children are to be raised.
The judgment appealed from is affirmed, with all costs of this appeal assessed to defendant-appellant.
Affirmed.