VERON, Judge:
The issue before us in this proceeding is whether the trial court abused its discretion in awarding custody of two minor children to their father.
On October 12, 1973, appellee, Anthony A. LeBlanc, obtained a judgment of divorce from his wife, Janet Perera Le-Blanc, appellant, on the grounds of adultery. A prior judgment of separation granted to the husband on grounds of abandonment had awarded custody of the children to the mother. However, custody was awarded to the father in the divorce proceeding. The mother has appealed this award of custody.
The evidence shows that Mr. LeBlanc maintains a home with a very wholesome environment and has a very stable record of employment. The trial judge found the evidence to be uncontroverted that Mr. LeBlanc was “quite capable of caring for his children and providing them with a good home and better environment if given their custody.”
Without detailing the testimony, the evidence also clearly shows that Mrs. LeBlanc engaged in adulterous activities with several men after the date of the judicial separation from her husband. The two children (boy, aged 10, and girl, aged 8) testified at the trial they were each aware of their mother’s relationship with other men, that these relationships were sometimes carried on in the house with the children present, that they had found their mother’s bedroom door locked in the morning, and that men had kept their clothes in the house. Mrs. LeBlanc also admitted to having a man spend the night while the children were present. The trial judge, in assessing the best interests of the children, stated:
“Relative to the fitness of the mother, the most striking testimony was that of the children who apparently were very intelligent and sincere. The court was most impressed with the fact that the children were both well aware of the volatile relationship their mother had with several men, even to a week before the trial.”
The principles controlling our determination are set forth in Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), as follows (omitting citations):
“(1) The paramount consideration in determining to whom custody should be granted is always the welfare of the children .
(2) The general rule is that it is in the best interest of the children of the marriage to grant custody to the mother, especially when they are of tender years. Such paramount right of the mother to custody should not be denied unless she is morally unfit or otherwise unsuitable, and it is only in exceptional cases that the better interest of the children is served by changing their custody from the mother to the father .
(3) When the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from *885 the environment to which they are accustomed . . .
(4) Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof . . .”
The Louisiana Supreme Court elaborated even further on this last point in Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972);
“Further, an appellant court must give great weight to the trial court’s considered determination of custody. If the trial court decides which parent should best have custody for the children’s sake after it has applied correct principles of law, a reviewing court should disturb such custody determination only where there is a clear abuse of the trial court’s discretion in the matter, even though reasonable minds might differ as to the children’s best interest under the variant circumstances suggested by a particular record.” (emphasis added)
The principles of law set out in the Ful-co and Estes cases have since been cited in every appellate court of this State as the established jurisprudence on matters of child custody. See Miyagi v. Miyagi, 279 So.2d 718 (La.App. 1 Cir. 1973); Stuckey v. Stuckey, 276 So.2d 408 (La.App. 2 Cir. 1973); Cook v. Wingo, 281 So.2d 867 (La.App. 3 Cir. 1973); Nieto v. Nieto, 276 So.2d 362 (La.App. 4 Cir. 1973).
Considering the facts presented in light of the foregoing principles of law, we are unable to find any abuse of the discretion vested in the trial judge. The judgment appealed from is therefore affirmed. All costs of these proceedings are assessed to the defendant-appellant.
Affirmed.