WATSON, Judge.
A mother here appeals the refusal of the trial court to change the custody of two young children from their father to her in a rule proceeding brought shortly after the father obtained a divorce on the grounds of adultery. The father obtained the custody of the children in the divorce decree with the consent and acquiescence of the mother. The trial court declined to change the custody for several reasons but principally because of the conclusion that the mother and her new husband, her former paramour, had not established a stable home environment in which the children could live.
The mother is Barbara Firmin Mouille, now married to Randy Armond. The father is Perry Grant Mouille. The two children are girls, ages 7 and 2.
The issue to be decided on appeal is whether the trial court abused its discretion in declining to change custody.
The series of relevant events occurred in a very brief span of time, as follows:
February, 1974 — Barbara abandoned her husband and children and went to Baton Rouge to rendezvous with her paramour.
May 29, 1974 — A judgment of divorce was obtained by Perry on the grounds of adultery and he was given child custody.
July 10, 1974 — Petition filed to change custody.
August 5, 1974 — Hearing on change of custody rule proceeding.
In considering custody matters we follow the legal principles announced in *321 Estes v. Estes, 261 La. 20, 258 So.2d 857, (1972) which may be summarized as follows:
(1) The paramount consideration is always the welfare of the children.
(2) The welfare of the children is best served by granting the custody to the mother, especially of young children, unless she is morally unfit or otherwise unsuitable.
(3) When the trial court has made a considered decree of custody, the party seeking a change bears a heavy burden of proving that the present custody is deleterious to children’s welfare.
(4) On appellate review the trial court’s discretion will not be disturbed in the absence of a clear showing of abuse.
In the present case, the trial court found that the mother had been married for only a short time to her former paramour and that they and their marriage had not had time to demonstrate stability. He found that their conduct had reflected in fact some degree of instability. The trial court also found that the children, who are being kept by the mother and step-father of Perry Mouille, have a good environment which is conducive to their welfare. He noted that Perry, who is an offshore worker, spends a great deal of time with the children when he is off work.
Our review of the record fully supports these observations by the trial court and we find that it has not abused its discretion in concluding that the best interests of the children would be served by not changing their custody at this time. We would also note that it is somewhat premature even to consider the possibility of a change in custody within six months or so following a judgment of court, absent some unusual or bizarre circumstances. Custody of these children may be reconsidered in the future, and if the mother has demonstrated a stable personal life, the trial court may conclude to give her custody, especially in view of the strong presumption as to young children, especially girls, in favor of the mother’s custody.
For these reasons, the judgment of the trial court is affirmed and costs are taxed against appellant.
Affirmed.
DOMENGEAUX, J., concurs in the result reached for the additional reason that appellant failed to sustain the “double burden” of proof necessary in change of custody cases. Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); King v. King, 245 So.2d 560 (La.App. 3rd Cir. 1971).