313 So.2d 634 (1975)
Terry Elaine DeCELLE, Plaintiff-Appellee,
v.
Charles Louis DeCELLE, Defendant-Appellant.
No. 12622.
Court of Appeal of Louisiana, Second Circuit.
June 3, 1975.
Michael S. Ingram, Monroe, for defendant-appellant.
Brown & Wicker, by Robert A. Lee, Monroe, for plaintiff-appellee.
Before PRICE, HALL and MORRIS, JJ.
HALL, Judge.
This appeal is from a judgment of the district court changing custody of the six year old minor child from the father to whom custody was previously awarded in a divorce proceeding to the mother who has remarried. For the reasons set forth in this opinion we affirm the judgment of the district court.
In June, 1972, Charles Louis DeCelle was awarded a divorce from Terry Elaine DeCelle on the grounds of adultery and was awarded the custody of their minor son, Darrin.
In January, 1973, plaintiff filed a petition for change in custody alleging that her conditions and living arrangements changed since the divorce decree and that the defendant also altered his conditions and virtually divested himself of the care and control of the child to his parents. In an amended petition filed in November, 1973, plaintiff alleged further changes in circumstances, particularly her marriage in June, 1973 to James Street.
After trial of the matter in September, 1974, the district court awarded custody to *635 the mother. In written reasons for judgment, the court noted that in connection with the original divorce proceeding, it found both parties guilty of immoral conduct with both parents leaving the child with grandparents while they indulged their personal pleasures. The reason for awarding custody to the father was that he was living with his parents and the child would be reared in their home under the strict supervision of the grandmother while the mother could not provide an equal environment. The court found in the instant proceeding that the mother fulfilled the burden of proving a favorable change in her circumstances and that the father continued the life of a "gay bachelor", leaving the upbringing of the child to the grandmothera worsening change of conditions. The court concluded that the best interests of the child would be to award custody of the child to the mother.
The father contends on appeal that plaintiff failed to establish that his custody of the child was so deleterious to the child's interests as to justify a change in custody, that the reasons for judgment were not supported by the evidence and that the trial court abused its discretion in changing custody. The mother argues that the evidence supported the district court's determination that (a) a deleterious condition existed in the environment of the child and (b) the environment offered by the mother is preferable.
From the evidence we find the pertinent facts to be as follows:
Subsequent to the divorce plaintiff's life took a radical change. She ceased drinking, remarried, moved into a larger home and began attending church regularly. Her new husband is an employee of a department store chain earning in excess of $15,000 yearly. He and the minor child get along very well and spend much time together when the child visits with his mother. They live in a modern three bedroom home in a fine neighborhood and have a room prepared for the child. The mother is not employed and is at home during the day. She has matured and left behind the irresponsibility which caused her to lose custody in the first place.
Charles DeCelle, with his son, continues to live with DeCelle's mother and father. They have a nice home and the child has his own room, swing set in the back yard and the things a child would ordinarily have. DeCelle is employed as a surveyordraftsman and works from 8:30 A.M. until 3:00 or 5:00 P.M., at a salary of $120 weekly. His mother cares for Darrin during the day in addition to taking him to school and picking him up each afternoon. She takes the child with her grocery shopping and to the hairdresser and to Sunday school each Sunday.
There was evidence of some drinking by DeCelle and his father in the home and elsewhere but there is no evidence of excessive drinking. There was evidence that DeCelle has been seen at a lounge on a few occasions but there is no evidence that he frequents such places on any regular basis to the detriment of his care of the child. DeCelle is routinely at home with his son in the evenings, takes his son to the movies, to parks, bicycle riding, has taken him to an LSU football game in South Carolina and to Disneyworld in Florida.
DeCelle admitted a relationship with a young lady which resulted in an aborted pregnancy for her which he partially financed. Sexual relations between DeCelle and the young lady occurred at the DeCelle residence but while Darrin was not present in the home.
Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971) established the following legal principles as applicable to a suit for change of custody:
(1) The paramount consideration in determining to whom custody should be granted is always the welfare of the children.
(2) The general rule is that it is in the best interest of the children of the marriage *636 to grant custody to the mother, especially when they are of tender years. Such paramount right of the mother to custody should not be denied unless she is morally unfit or otherwise unsuitable, and it is only in exceptional cases that the better interest of the children is served by changing their custody from the mother to the father.
(3) When the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed; and
(4) Upon appellate review the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interest of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof.
These principles have been restated and applied with varying results according to the circumstances in several Supreme Court cases and in numerous Court of Appeal cases. Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972); Abreo v. Abreo, 281 So.2d 695 (La.1973); Nethkin v. Nethkin, 307 So.2d 563 (La.1975); Penton v. Penton, 260 So.2d 5 (La.App.1st Cir. 1972); Powell v. Powell, 261 So.2d 692 (La.App.2d Cir. 1972); Spencer v. Spencer, 261 So.2d 702 (La.App.4th Cir. 1972); Rayner v. Rayner, 263 So.2d 732 (La.App.3d Cir. 1972); Webb v. Webb, 264 So.2d 925 (La.App.3d Cir. 1972); Carmichael v. Carmichael, 265 So.2d 668 (La.App.3d Cir. 1972); Poole v. Poole, 270 So.2d 215 (La.App.1st Cir. 1972), writ refused 273 So.2d 295 (La.); Malone v. Malone, 271 So.2d 598 (La.App. 1st Cir. 1972); Payne v. Payne, 274 So.2d 879 (La.App. 3d Cir. 1973); Gustin v. Tregle, 275 So.2d 825 (La.App. 4th Cir. 1973); Nieto v. Nieto, 276 So.2d 362 (La.App. 4th Cir. 1973); Gonzaque v. Samuels, 284 So.2d 373 (La.App. 2d Cir. 1973); Borras v. Falgoust, 285 So.2d 583 (La.App. 4th Cir. 1973); Henderson v. Boudreaux, 290 So.2d 736 (La.App. 1st Cir. 1974), writ refused 294 So.2d 546 (La.); Hilliard v. Richard, 291 So.2d 875 (La.App. 3d Cir. 1974), writ refused 294 So.2d 835 (La.); LeBlanc v. LeBlanc, 293 So.2d 883 (La.App. 1st Cir. 1974); Pipes v. Pipes, 293 So.2d 925 (La.App. 2d Cir. 1974); Whitfield v. Whitfield, 295 So.2d 501 (La.App. 1st Cir. 1974); Simon v. Cobb, 300 So.2d 608 (La.App. 3d Cir. 1974), writs granted 303 So.2d 184; Gulino v. Gulino, 303 So.2d 299 (La.App. 1st Cir. 1974); Mouille v. Mouille, 306 So.2d 319 (La.App. 3d Cir. 1975); Welch v. Welch, 307 So.2d 737 (La.App. 2d Cir. 1975); Lagrone v. Lagrone, 311 So.2d 290 (La.App. 2d Cir. 1975).
Fulco establishes four criteria: (1) the best interest of the child; (2) the maternal preference consideration; (3) the double burden of proving continuation of present custody is deleterious to the child and a change in the noncustodial parent's circumstances; and (4) the weight accorded the discretion of the trial judge. It is readily apparent from a review of the cited cases that the overriding consideration in most cases is the best interest of the child as determined by the trial judge in the exercise of his sound discretion. Of the twenty-eight cases cited above, the decision of the trial judge was reversed in only three cases.
Perhaps the best example of how the Fulco principles are actually being applied is Hilliard v. Richard, supra. In that case the mother was awarded provisional custody in the judgment of separation, there was no mention of custody in the judgment of divorce but the mother retained actual custody, and subsequently "temporary" custody *637 was taken from the mother and given to the father because of the immoral and unstable life pursued by the mother. Almost a year later, on the mother's petition, custody was returned to her upon a showing she had changed her way of living and had established a stable home with her new husband. In affirming the trial court judgment returning custody to the mother, the Court of Appeal noted there was no question the father was providing good care of the children and the mother failed to show a continuation of custody in the father would be deleterious. The court held that all four of the Fulco or Estes principles "need not be followed inflexibly in every case" and that the "trial judge has the discretion to use these four principles as general guidelines". The court held the trial judge did not abuse his discretion in changing custody back to the mother in the best interest of the children.
The Hilliard case and Estes, which it followed, involved changes in custody from previous judgments awarding "temporary" custody to a father because of circumstances existing at the time of the "temporary" custody decree rendering the mother unfit or unable to provide a proper home. In that respect, those cases are slightly distinguishable from the instant case in which the original custody judgment was a considered judgment of permanent custody. Nevertheless, it is appropriate in the instant case to minimize the "double burden" rule, ordinarily applied where there is a considered decree of permanent custody, because the original award of custody to the father was made on the basis of supervision of the child by the paternal grandmother, there having been a finding of immoral conduct and abandonment of parental responsibility on the part of both mother and father.
The mother's circumstances have changed drastically for the better and she, with her second husband, is in a position to offer the child an excellent environment. The father's circumstances have not changed for the better, although it is certainly true that there has been no proof that continued custody in the father would be "deleterious" to the interest of the child within any reasonable interpretation of that term.
Considering the advantages afforded by the mother's present situation, the maternal preference rule and its underlying reasons, and the weight to be accorded the decision of the trial judge, the holding of this court is that the trial court has not erred or abused its discretion in determining that it is in the best interest of the child to change custody to the mother.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.