DUPLANTIER, Judge,
dissenting.
I respectfully dissent. ■ I would reverse and remand for trial on the merits.
Plaintiff, the mother of minor children the custody of whom had been awarded to her, brought a rule against her former husband, the father of the children, seeking reimbursement of attorney fees incurred by her in her successful defense of a prior proceeding by the father, seeking to obtain custody of the children.
The trial judge, having previously dismissed the husband’s suit to change custody after lengthy and protracted hearings, thereafter dismissed the mother’s rule for reimbursement of her attorney expense. While the record is not entirely clear on this point, it is apparent that the district court, in dismissing plaintiff’s claim, maintained defendant’s exception of no cause of action. No testimony seems to have been taken on the date set for hearing.
In my opinion, limited to the particular circumstances in this case, a claim by the mother of a minor child, to whom legal custody had been awarded, against the father for reimbursement of legal expenses incurred by her in her successful defense of a proceeding brought against her to deprive her of the legal custody of the child states a cause of action.
The trial court correctly pointed out in its reasons for judgment that it could find no basis in a statute or reported decision for holding as I would. However, this is not the usual claim for attorney fees prohibited in Louisiana absent a statute or contract between the parties providing therefor. Such attorney fee claims are incidental to a primary claim between the parties for enforcement of a debt or a contract between them. Indeed, in the instant case it is *710 merely coincidental that the father was plaintiff in the suit to take custody away from the mother. I would reach the same conclusion if the mother sought reimbursement from the father for legal expenses incurred in maintaining her custody, regardless of who provoked the proceedings to change custody, for the legal expenses were incurred by the mother at least partly for the benefit of the minor children, in the discharge of her duty as their legal custodian to make certain that the welfare and best interest of the children, the paramount issue in the custody proceeding, were properly protected.
In Wingo v. Cook,[1] the Third Circuit held that the mother may claim reimbursement from the father for unusual medical expenses reasonably incurred by her in treatment of a child’s illness, on the ground that a prior award for child support did not and could not contemplate such unusual expenses and that the child was, of course, entitled to the reasonable medical treatment. I would apply the same reasoning to legal expenses. It is true that the children are not named defendants in a custody proceeding and that perhaps, in determining the amount which the father should be compelled to contribute, consideration should be given to the fact that the attorney’s services in her attempt to retain custody may have benefitted the mother as well as the children. Nevertheless, the paramount issue in the custody proceeding is not the mother’s best interest, nor the father’s, but the children’s.[2] Just as the mother would have a duty to secure reasonable medical treatment for her children, even though a prior decree fixing the amount which the father must pay for child support does not take such expenses into consideration, she is equally duty-bound to secure adequate legal representation to make certain that the children’s emotional well-being involved in a custody decision is properly presented to and considered by the court. The father should be compelled to contribute to the reasonable expense, medical or legal, in either instance, for that expense was not taken into consideration in the prior support decree.
The court, in Wingo, considered the reasonableness of the medical expenses and found the mother’s decision to incur them reasonable. The same issue of reasonableness is present when a mother employs counsel in a proceeding in which she seeks to retain legal custody of her children. However, the trial court obviously decided that the mother’s decision to attempt to retain custody of her children was reasonable, for the trial court decided that it was to the best interest of the children that they remain with the mother.
If minor children were sued by a stranger for damages, and their legal custodian retained counsel for them to defend the suit, the extraordinary expense involved, not covered by a previous child support decree, should certainly be apportioned between the parents, and the mother-custodian’s rule against the father for reimbursement of legal expenses incurred on the children’s behalf would certainly state a cause of action. The fact that the mother is the named defendant in a proceeding to change her legal custody of the children should not deprive her of the right to seek at least partial reimbursement for legal expenses, although, as previously noted, it may affect the amount of such reimbursement.
I would not at this stage decide the extent of the mother’s claim against the father for reimbursement of attorney’s fees, nor the proportion of such fees which the father should pay, but only that the mother’s claim for reimbursement states a cause of action. Of course, to decide as I suggest may cause courts to have to consider many claims difficult of resolution, in many other situations which could occur in custody proceedings and the legal expenses related thereto. This should be of no consequence *711 in the resolution of the particular claim asserted in this case.

. La.App., 306 So.2d 370.

. Nethken v. Nethken, La., 307 So.2d 563; Estes v. Estes, 261 La. 20, 258 So.2d 857; Fulco v. Fulco, 259 La. 1122, 254 So.2d 603; Bourque v. Leger, La.App., 322 So.2d 784; DeCelle v. DeCelle, La.App., 313 So.2d 634; Phelps v. Phelps, La.App., 258 So.2d 112.