CHEHARDY, Judge.
This is a custody contest in which we are called upon to determine whether the welfare of three minor children would best be served by a change of custody from their father to their mother.
Initially plaintiff wife had filed suit for separation from her husband and requested custody of the couple’s three minor sons, aged two, three and five. The husband answered and reconvened and also requested custody. Following hearing on the rules, custody was granted to the father. Six months later the wife filed a rule for change of custody. Following hearing, judgment was again rendered in favor of the husband, and the wife has appealed.
In this court appellant contends the father has physically and psychologically abused the children, has failed to attend to their health needs and personal hygiene, and has kept them in a sloppy household environment.
It is alleged that the five year old was punched in the stomach by the father and that the three year old was severely beaten with a belt. The five year old told numerous people about the stomach punch, but no one saw any evidence of this. The child’s speech therapist raised the child’s shirt to examine his stomach but noted no redness or swelling. None of the other witnesses who testified, including the mother, had examined the child for evidence to support the allegation. The father denied punching the child and the speech therapist concluded the child may have been exaggerating or as children sometimes do, may have been making things up.
The father admitted hitting the child with a belt when he lost a set of keys, but there was evidence that the child was feisty and at times difficult to control, and the judge concluded some discipline was necessary. The pictures in evidence purporting to represent the belt incident reflected instead, according to testimony from the nursery school teacher, an accident at school where the child scraped his back against a plastic milk carton display. The pictures do not indicate a severe beating.
*1018 The health needs allegedly neglected by the father refer to a chipped tooth and a cavity. The trial judge pointed out that these are baby teeth. The psychological abuse complained of by the mother is that the father screams at the children and tells them they will never see their mother again.
The trial judge summarized the evidence of the two-day hearing and stated his reasons for continuing custody with the father. He was of the opinion that the court’s earlier decision had been reinforced by the testimony of the later hearing and was particularly impressed with the testimony of one of the children’s teachers and a next door neighbor, concluding the father had demonstrated that he was making the best of a very bad situation.
He was apparently impressed with arrangements the father had made for the care of the children. The two younger children enrolled in nursery school were taken to school each day by the father. They arrived promptly and were neatly and appropriately dressed when there was a change in the weather. They were progressing well and had excellent attendance records. The child with a speech problem had greatly improved with speech therapy, and when one child was sick the father took time off from work. He exhibited great interest in the children’s school work and frequently conferred with the teachers about their progress.
The older child walked to school a few blocks from his home with a neighbor’s two older children. The father engaged this lady, who lives across the street, to baby sit with this child after school until he returns from work, a couple of hours later.
It is also noted that upon receiving custody the father arranged with his employer to change his hours of work in keeping with his new responsibilities with the children.
There is no evidence that the mother is unfit or does not deeply care about the welfare of her children. She lives in a small apartment with her two teenage children of an earlier marriage and supports herself with alimony from appellee and baby sitting for two or three young children while their mothers work. She has visitation rights with her children one afternoon per week at the father’s home and overnight visitation at her home part of each weekend.
The judge found the children love both parents and the situation they are now in is because there was a prior controversy with one of the parents. The situation has steadily improved. Visitation with their mother is to continue on a regular basis as it is important for the mother to see the children. Nevertheless under all of the circumstances the court concluded custody should remain with the father.
The following legal principles are applicable: The paramount consideration in determining to whom custody should be awarded is always the welfare of the children. Bordelon v. Bordelon, 390 So.2d 1325 (La.1980); Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972); Falco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); DeCelle v. DeCelle, 313 So.2d 634 (La.App. 2d Cir.1975); LSA-C.C. art. 157.
Upon appellate review the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interest of the children from the total overview of the conduct and the character of the parties and the witnesses, and his discretion on the issue should not be disturbed on appeal in the absence of manifest error. Bordelon v. Bordelon, supra; Cleeton v. Cleeton, 383 So.2d 1231 (La.1980).
When we apply these accepted legal principles which govern custody proceedings to the instant case we are unable to hold that the trial judge erred in continuing custody with the father.
For the reasons assigned the judgment of the trial court is affirmed.
AFFIRMED.