LANDRY, Judge.
Defendant (Wife) appeals the judgment of the trial court changing a prior decree of custody in her favor and awarding to plaintiff (Husband) custody of the minors, James Phillip, Thomas Paul, Terry Edgar and Catherine Ann Malbrough, issue of the marriage between the litigants. Appellant’s moral fitness is conceded. The trial court divested appellant of custody upon finding that she maintained an unwholesome and unhealthy home environment. We affirm.
It is conceded that James Phillip Mal-brough is presently 19 years of age and self-supporting. It is also conceded that his custody is no longer an issue between the parties.
The trial court found, in effect, that appellant was neglecting the children in that she failed to feed them properly, neglected to provide them with clean clothing, and maintaine'd the home in a most disorderly, untidy and unclean condition.
Appellant contends the lower court erred in finding: (1) A material change in circumstances since rendition of the original custody decree in her favor; (2) that the children were living in a home environment harmful to their best interest and welfare; (3) that the husband- could provide a better home environment, and (4) the appellant is unfit to have custody of her children.
In matters involving custody of children, the paramount concern of the courts is the best interest and welfare of the children concerned. Guillory v. Guillory, 221 La. 374, 59 So.2d 424; LeBreton v. LeBlanc, La.App., 222 So.2d 571.
A party seeking to modify a prior custody award must show that the child’s present environment is detrimental to his welfare and that the applicant can provide better home conditions. Decker v. Landry, 227 La. 603, 80 So.2d 91.
In matters of custody, the mother is preferred unless she be shown to be unfit, morally or otherwise. Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532.
However, in exceptional cases, where there is greater advantage to the child, custody may be granted the father in preference to the mother. Lovell v. Lovell, La.App., 205 So.2d 470.
*267 In matters relating to the custody of children, much discretion is vested in the trial court whose determinations are entitled to great weight. In such matters, the conclusions of the trial court will not he set aside on appeal unless shown to be clearly erroneous. Guillory v. Guillory, above.
There is little controversy concerning the facts of this matter. Custody was granted appellant on September 28, 1970. Following the couple’s separation, appellant lived, for a time, with the children in the four bedroom family residence situated in Schriever, Louisiana. In April, 1971, appellant voluntarily left the family home and moved into a two bedroom home located in Houma, Louisiana. One of the bedrooms was occupied by appellant and her small daughter, Catherine Ann, age 6. The other bedroom was occupied by the two boys, Thomas Paul and Terry Edgar.
The record discloses that Mr. Malbrough enjoyed weekly visitation privileges which he exercised. In substance, he testified that on approximately one visit each month he was able to gain access to the inside of the house in Houma. He attested to a most deplorable condition of the home inasmuch as it was maintained in a most disorderly and unsanitary manner. The kitchen table, chairs, counter-tops and floor area were covered with dirty dishes, trash, garbage and food scraps. The kitchen sink was also piled high with dirty dishes, pots, pans and cutlery. The bedroom occupied by appellant and her young daughter was so crammed with boxes, crates and loose articles of clothing and bric-a-brac that it was impossible to be occupied as a bedroom. Appellant conceded that she and her daughter slept on a couch in the living room because the bedroom was uninhabitable as such.
It further appears that on December 20, 1971, and January 12, 1972, Mr. Malbrough gained entry into the home and took pictures which disclose so many dirty clothes heaped in the bathroom, on the floor and in and around the tub as to render the room virtually impossible to enter.
Mr. Malbrough conceded that on some of his visits, he found the living room to be in reasonable order, but that the kitchen and bedroom occupied by appellant were always in substantially the same state of disarray and uncleanliness. The photographs introduced in evidence graphically confirm Mr. Malbrough’s description of the condition of the premises. Mr. Mal-brough also testified that on about twelve occasions, he visited the home and found the children were not in school. He conceded that in some instances, the absences were due to illness. He also stated that in most cases, the children were at home because they missed the school bus due to appellant’s failure to timely provide them with clean clothes to wear to school. Mr. Malbrough conceded that appellant had had trouble with her appliances such as washer, dryer and refrigerator, and that he had offered to help her with these matters, but that his offers of assistance, as well as those from members of appellant’s family, had been refused by appellant.
Appellant testified that she prepared meals for the children, washed their clothes by hand when necessary because her washer and dryer were constantly giving her trouble, and that she never physically abused the children in any manner. She stated that the children were attending school regularly, and that Terry and Catherine were doing well while Thomas was doing rather poorly, as he always had. She acknowledged that she had not had an operational refrigerator since moving to Houma. She also acknowledged that her father had offered her an old refrigerator, but that she declined it because she considered it a piece of junk. She also acknowledged that she kept no refrigerated food in the house save milk, which was kept in a freezer. She also stated that the milk sometimes froze, and that the children refused to drink it after it had frozen.
*268 Mrs. Malbrough explained the condition of the kitchen and bedroom by saying that when she moved into the smaller home, she had inadequate closet and storage space. She also stated that because of insects (roaches), it was no use to wash dishes and put them away because she had to wash them again before each use. In this regard, Mr. Malbrough testified the house in Houma had more kitchen cabinet space than did the home in Schriever. He also stated that he had offered to have the home treated for insects but appellant refused. Appellant attributed the piles of dirty clothes to the fact that her washer and dryer were constantly out of order, and she had no funds with which to repair them. She also stated she washed the children’s clothes by hand as they were needed. When asked to explain the unsanitary and disorderly condition of the home, appellant vaguely referred to the difficulties she was having with her husband.
In oral reasons dictated into the record, the trial court found that the home environment provided by appellant did not serve the best interests and welfare of the children because the children were entitled to be reared under wholesome home conditions, to know how a household is properly kept and maintained, and to be made aware that the home conditions under which they were reared were not normal. We concur in these findings.
As did the trial court, we find that the “strong reasons” required by LSA-C.C. art. 146, to deprive a mother of custody, have been shown in this instance. Under the circumstances, the preference granted appellant must yield to the best interest and welfare of the children. Guillory v. Guillory, above. Appellant’s unsuitability is not due to moral reasons. It suffices, however, if a mother is “otherwise unfit”. In this instance, appellant’s unfitness is due to her neglect of her children by woefully failing to provide a healthy, wholesome home environment.
Appellant’s claim that appellee has failed to show a change in circumstances since appellant was awarded custody is without merit. The evidence shows that the unwholesome and unsanitary conditions of the children’s home surroundings have come about since appellant was awarded custody. We add that the record justifies the conclusion that the separation of these parties produced a traumatic emotional impact upon appellant to which she has been unable to adjust, and with which she cannot fully cope. As unfortunate as this may be, nevertheless the best interest and welfare of the children is and must always be the prime concern of the courts in instances of this nature.
The record discloses that Mr. Mal-brough proposes to care for the children in a home having two bedrooms with one double bed each, a kitchen, bath and living room containing a sofa which makes up into a double bed. Mr. Malbrough conceded that he works “offshore”, and is on duty away from home for six days and is then home for six days. He has engaged the services of his 59 year old aunt who will live in the home, act as housekeeper and care for the children during Mr. Mal-brough’s absence. Considering Mr. Mal-brough’s financial status as shown by the record, and the circumstances of this case as a whole, we find no abuse of the trial court’s discretion in awarding him custody of his children.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.