328 So.2d 893 (1976)
Dorothy Spillman SHARPE, now Dorothy Spillman Teer
v.
Norman C. SHARPE.
No. 10599.
Court of Appeal of Louisiana, First Circuit.
March 1, 1976.
*894 Mike J. Balen, Covington, for Norman Sharpe.
Wm. F. Kline, Jr., Clinton, for Dorothy S. Sharpe.
Robert A. Connell, Jackson, for the Spillmans.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
This is a contest over the custody of Leslie Sharpe, the minor son of the marriage between Dorothy Spillman Sharpe, now Dorothy Spillman Teer (hereinafter sometimes referred to as "mother"), and Norman C. Sharpe (hereinafter sometimes referred to as "father").
In the court below the father lost and has appealed. We affirm.
After dissolution of their marriage in 1970, Leslie was placed in the custody of his grandparents, Mr. and Mrs. Leslie R. Spillman, by a judgment of the Twentieth Judicial District Court dated October 20, 1970. Mr. and Mrs. Spillman have also answered the various rules filed herein and desire the custody of their grandson be maintained with them in the event their daughter is unsuccessful in obtaining his custody. Thus, the contest is really between the mother and the father and between the grandparents and the father, in the event the matter is determined adversely to their daughter.
Both Dorothy Spillman and Norman Sharpe have remarried and their respective spouses have suffered their share of abuse during the proceedings. The present Mrs. Sharpe was used by the mother to discredit the home of the father by showing the instability of the father and of his marriage to the present Mrs. Sharpe. The criminal record of the present husband of the mother was used by the father to discredit the mother's home. Another child of the marriage was also used by the mother against the father.
The trial judge found in favor of the mother, stating that she had sustained the so-called double burden of proving that the conditions in which the child was living were detrimental to the child's best interests and that she, as an applicant for custody, could and would provide a good home and better environment if given the custody of the child, citing Decker v. Landry, 227 La. 603, 80 So.2d 91, 92 (1955).
Assuming arguendo that the mother carried such a burden as against her parents, there was no necessity for such a finding, as the mother's parents had consented to her having custody. Thus, as the real controversy here is between the mother and father, the general rule in such case should be followed, i. e., that it is in the best interests of the children of the marriage to grant custody to the mother, especially when they are of tender years. Such paramount right of the mother to custody should not be denied unless she is morally or otherwise unfit, or unless she is incapable of giving them proper care and guidance. Nethken v. Nethken, 307 So.2d 563 (La.1975), and Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971).
The father has failed to make such a showing, and to the contrary, as the following review of the evidence will show, Leslie's best interests and welfare lie with his mother.
After the mother and father's divorce, young Leslie went to live with his grandfather and grandmother, Mr. and Mrs. Spillman, who at the time of trial were ages 78 and 72, respectively, and were residents of Jackson, Louisiana. They preferred to see Leslie in the custody of his mother but were willing to continue to care for him in the event the court declined to award custody to Leslie's mother. They unselfishly looked after Leslie up until the time he went to live with his mother in Baton Rouge during the summer of 1974. The move to his mother was accomplished under an ex part court order for the purpose *895 of Leslie's taking a remedial mathematics course that was offered in one of the East Baton Rouge Parish schools. After moving to Baton Rouge, Leslie's scholastic record improved considerably, he made new friends and was an active participant in sports at his school. He is also closer to his older brother and sister who now live in Baton Rouge. At the home of the mother, Leslie has his own bedroom and bath and travels to school by boarding a bus approximately half a block from his home. He also attends church regularly with his mother and her present husband at the Stevendale Baptist Church in Baton Rouge.
Leslie also testified at trial that he would prefer to live with his mother, and the trial judge, while nothing that the desires of the child are not always controlling in a custody matter, felt that Leslie's desires as an intelligent and alert thirteen year old should be given some consideration. The trial judge's action in this regard is the proper application of a legal principle which this Court has recognized, Cenac v. Power, 211 So.2d 408 (La.App. 1st Cir. 1968).
The trial judge noted that Leslie appeared to be happy and well adjusted in his Baton Rouge school and environment.
Both the mother and her husband work and provide a comfortable income and reside in a three-bedroom house in River Oaks Subdivision in Baton Rouge. Although the mother's husband has a criminal record and is out on parole, he is presently working and, as noted by the trial judge, appears to have been rehabilitated. The trial judge further observed that except for the prior criminal record of the mother's present husband, they appeared to be a normal family.
The father also accuses the mother of committing a fraud to obtain Social Security benefits for Leslie and the other children of their marriage. According to the mother, the benefits arose out of a prior marriage after her divorce from the father. Whether such benefits were obtained by fraud was not proved in the record, and we are unable to conclude in the absence of such proof, as did the father, that they could only have been obtained through the mother's fraudulent misrepresentations.
The trial judge stated that after completion of the testimony taken at the trial he was prepared to award the custody of Leslie to his mother but delayed that ruling at the request of all parties to afford the Louisiana Health and Social Rehabilitation Services Administration, Division of Family Services, an opportunity to evaluate the homes of the respective parties. After receiving the report of that agency, he wrote in his Reasons for Judgment, "Nothing contained in said report is at variance with the conclusion reached by the court."
For the above reasons, the judgment of the trial court is affirmed, at the cost of defendant-appellant, Norman C. Sharpe.
Affirmed.