362 So.2d 1148 (1978)
Scottie G. NEAL, Plaintiff-Appellant,
v.
Brenda WHITE, Defendant-Appellee.
No. 13598.
Court of Appeal of Louisiana, Second Circuit.
August 28, 1978.
Rehearing Denied October 11, 1978.
Clyde Lain, II, Monroe, for plaintiff-appellant.
North Louisiana Legal Assistance Corporation by Edmund G. Brown, III, Monroe, for defendant-appellee.
Before PRICE, HALL and JONES, JJ.
En Banc. Rehearing Denied October 11, 1978.
PRICE, Judge.
Plaintiff, Scottie G. Neal, appeals a judgment awarding custody of a minor child to the natural mother, Brenda Faye White.
Plaintiff sought a writ of habeas corpus to obtain custody of four-year-old Shirley White, contending that although he and defendant never married, they were the *1149 natural parents of the minor child who had been cared for and kept by him since the child was approximately six weeks old. He alleges the child was recently taken from him by defendant to her parents' home. Plaintiff further contends that defendant has no means of supporting the child; that defendant is unfit to have the child; and that it is in the best interest of the child to be in his custody.
The trial court rejected plaintiff's demands and awarded the defendant-mother custody of the child because the court found plaintiff had failed to establish he was the natural father of the child.
The plaintiff's appeal presents three issues: (1) whether the trial court erred in awarding custody based solely on plaintiff's failure to prove paternity, without considering the best interests of the child; (2) whether the mother is unfit or unable to provide a home for the child; and (3) whether the trial court erred in ordering on its own motion a blood test to determine plaintiff's possible paternity and subsequently adopting the questionable accuracy of the results.
Because of our view that custody should be awarded to plaintiff even in the absence of proof to a legal certainty that he is a natural father of the child, there is no necessity for us to resolve the correctness of the trial court's action in ordering a blood test after the conclusion of the trial.
Although a mother has a superior right to her child over third persons, this right must yield to the superior right of the state to deprive her of care and custody of the child in the event the physical, mental, and moral welfare of the child requires it. State v. Watson, 210 La. 265, 26 So.2d 740 (1946). When the parent competes with nonparents of the child, the parent's right to custody is superior, unless the parent is unable or unfit, having forfeited parental rights. Wood v. Beard, 290 So.2d 675 (La. 1974). The "best interest rule" applies whether the child is legitimate or illegitimate. Creppel v. Thornton, 230 So.2d 644 (La.App. 4th Cir. 1970).
Plaintiff contends defendant informed him after the birth of the child that he was the father, and on this basis he accepted the physical custody of the child several weeks after birth. Although defendant denies in her testimony she represented to plaintiff he was the father, her actions in giving the child to him shortly after birth and allowing the child to remain in his parents' home for approximately four years is not compatible with her testimony. Defendant has three children born out of wedlock, has an eighth grade education, has never worked, and exists on welfare. It was only when the welfare department found out she was living with a man and terminated her welfare payments that she brought the child back to the overcrowded home of her parents to regain her welfare payments. Defendant's character and environment demonstrate that she is unfit and unable to care properly for the child, and her actions indicate that she does not care for the child, supporting the conclusion she has forfeited her parental right of custody.
Although plaintiff is a single man and there is an admission of some homosexual activity in his past, there is no testimony that this behavioral pattern has had an adverse effect on the child. He has a full-time job and lives in an adequate home with his parents. Plaintiff pays his mother to care for the child and pays for the food, clothing, and medical care for her. Plaintiff's father is a minister, and the child has been afforded proper spiritual and moral training during the four years she has been in their home. Under these circumstances the welfare of the child will be better served if she remains with plaintiff in the home of his parents.
For the reasons assigned the judgment is reversed, and it is hereby ordered that the care, custody, and control of the minor, Shirley White, is awarded unto plaintiff, Scottie G. Neal. All costs of these proceedings including this appeal are assessed to defendant.