BOLIN, Judge.
By this appeal the mother and father of a five-year-old girl question the correctness of a judgment awarding the temporary custody of their daughter to her maternal aunt and uncle. We reverse and grant custody to the mother.
Plaintiff sued his wife for divorce and brought a rule for custody of his daughter who was then in custody of the mother under a previously rendered judgment of separation. Both demands were based on the allegation that defendant had been living in open, notorious adultery while the minor child was in her home. Following a hearing on the rule, plaintiff and defendant stipulated that the divorce action be decided on the evidence taken during the trial of the rule. Judgment of divorce was granted in favor of plaintiff but temporary custody of the child was removed from her mother *1152 and placed with her maternal aunt and uncle.
During the hearing of the custody rule the major accusations and charges were either admitted or substantially proved, although no evidence was adduced to show that the child was a neglected child as that term is defined in La.R.S. 13:1570 A (1). At the close of the testimony the minutes reflect that the trial judge ordered the case converted into a juvenile proceeding and announced he would advise the welfare department to investigate the homes of both parties; and that the court would notify counsel of the date of his ruling.
On December 1,1977, following receipt of the investigative report of the welfare agency, the trial judge announced in the presence of the attorneys:
The child’s best interest is not with either parent, and therefore the court makes the child a ward of the court with the temporary custody being placed with Mr. and Mrs. Gilbert Snowden. [Mr. Snowden is the brother of the maternal grandmother]. Each parent is ordered to pay the sum of $15.00 per week for the support of the minor child to be paid through the Division of Family Services and visitation is to be at reasonable times and places, and if necessary the Court will set specific visitation rights.
No written reasons were assigned for judgment, but it is apparent from the above statement that the judge considered not only the evidence adduced at the hearing but also the report of the welfare agency. This report, which is stamped “filed in evidence” and signed by the clerk of court, was not offered by either party to this proceeding.
Plaintiff appealed the custody ruling and defendant answered the appeal, asking that custody be restored to her. That portion of the judgment granting the divorce is not appealed. Both contend the trial court was in error in placing custody with a third person not a party to the suit. Alternatively, defendant asks that the case be remanded for the taking of evidence of her improved living conditions, particularly her marriage.
In the petition for change of custody the sole basis given by plaintiff for the charge of unfitness of the mother is that she committed adultery on four specific occasions with the same man over a period of several months during which time it is alleged he was living in the home with the defendant and the child.
In answer to the custody rule defendant alleged she did nothing immoral or indecent that would characterize her an unfit mother. She alleged that her home is a wholesome environment for the child and that the child, in her custody, is happy and well adjusted and receives adequate care from herself and the maternal grandmother. She further charged that the father, who lives with his parents, could not provide a proper home for the child, citing the criminal record of the father and grandfather and the fact that all three members of the household work during the day and would not be available to supervise and care for the child.
The first question for consideration is the correctness of the trial judge’s action in converting the suit into a juvenile proceeding and awarding custody to third persons not party to the suit. No briefs have been filed on behalf of the aunt and uncle to whom custody was awarded, nor is the state represented on this appeal.
Statutes conferring jurisdiction on the juvenile court in matters of this nature, and the procedure to be followed, are found in La.R.S. 13:1561-13:1592. Pertinent to the instant suit are the following portions of 13:1570, 1574, 1575 and 1580:
§ 1570.
Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
A. Concerning any child whose domicile is within the parish or who is found within the parish:
(1) Whose parent or other person legally responsible for the care and support of such child neglects or refuses,, when able to do so, to provide proper or necessary *1153 support, education as required by law, or medical, surgical or other care necessary for his well-being; or who is abandoned by his parent or other custodian; or who is otherwise without proper care, custody, or support; .
§ 1574.
A. Whenever any person informs the court that a child is within the purview of this chapter, the court shall cause to be made an inquiry to determine whether the interests of the public or of the child require that further action be taken. Whereupon the court may make such informal adjustment as is practicable without a petition or may authorize a petition to be filed by any person;
* * S(! * * *
§ 1575.
A. After the petition has been filed, the court shall direct the issuance of summonses, one directed to the child, if he is twelve or more years of age and alleged to be neglected or any child who is alleged to be delinquent or in need of supervision, or otherwise needs the protection of the state and another to the parents, guardian, tutor, or other custodian, and such persons as appear to the court to be proper or necessary parties to the proceedings, requiring them to appear personally before the court at the time fixed to answer the allegations of the petition. .
******
§ 1580.
A. If the court finds that a child is within the purview of R.S. 13:1561 through 13:1592, it may adjudge the child to be a neglected child or delinquent child, as defined in R.S. 13:1569, . in its judgment, .
******
(3) Make such other disposition of the child as the court deems to be for the best interests of the child, including commitment to a public mental hospital or institution for the mentally defective. However, nothing herein shall be construed as authorizing the removal of the child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal.
* * * * * *
We have been cited to numerous cases dealing with child custody, the most appropriate to this decision being In the Interest of Toler, 262 La. 557, 263 So.2d 888 (1972) in which the supreme court clarified the rules relative to such a proceeding.
In Toler the district judge, sitting as a juvenile court, rendered a judgment decreeing that the six minor children of Dr. William F. Toler were neglected children within the purview of R.S. 13:1561-1580 and in need of the protection of the state. He, therefore, awarded the care and custody of the children to the Louisiana Department of Public Welfare. No formal petition was ever filed nor were the provisions of 13:1575 followed. The judgment was affirmed on appeal and the supreme court granted certiorari. After a review of the statutes (R.S. 13:1574, 1575, 1579.1), the court found:
Reading all of these sections together, it is clear to us that in such cases as this one the court, where the immediacy of the situation requires prompt action for the protection of the child, is authorized, without any formal petition, to make “an informal adjustment”, so far as is practicable. That is, the child may be taken at once into detention or protective custody. This, we think, is what the court did on the nights February 6 and 10, 1972 when it immediately removed the children from the care and custody of Dr. Toler.
However, all of the other provisions contemplate an adversary proceeding like any other lawsuit, i. e., the necessity of the filing of a formal petition before the court can hear and decide the question of whether the minor is neglected or delinquent and issue a custody order for an indefinite period in accordance with R.S. 13:1579.1. Such a petition setting forth the ages of the child or children, the facts which bring it or them within the pur *1154 view of R.S. 13:1561-1592, and so on, is the foundation of the proceeding to determine the issue of neglect or delinquency. And any proceeding conducted in its absence, as was the instant one, is null and can have no legal effect.
The jurisdiction of juvenile courts to make an “informal adjustment” is predicated on necessity for immediate action to protect the child. Once the “immediate protection” phase of the situation is over the juvenile court has no jurisdiction to award custody unless there has been a petition filed and the child has been declared neglected, abused, abandoned or delinquent as those terms are defined in the various statutes. See Toler, supra.
Since there was no showing that the child was in need of protection, no petition has been filed, and the record reflects none of the elements necessary to a finding of negléct, the trial court, acting as a juvenile court, had no jurisdiction to deprive the parent of the child’s custody. Furthermore, the report of the welfare agency, which was not offered as evidence by either party, is not part of this record on appeal.
Remaining for consideration is the difficult question of whether this court should remand the case to permit the trial court to award custody to one of the natural parents. The advantage of this procedure would be to permit the introduction of additional evidence as to the alleged marriage of the mother since the trial of the rule, as well as other evidence relating to the present home conditions of both parents.
The advantages of deciding the issue of custody on this appeal would be to avoid additional delay. The longer this child remains with her aunt and uncle the more traumatic a custody change will be. Considering all factors, we find it would be in the best interest of the child to decide the custody issue now rather than remand the case.
Because of the father’s personal life and habits, as well as the absence of a suitable home for his daughter, it obviously would not be in the best interest of the child to award her custody to him. The fact that the mother lived in open adultery with her paramour in the same house with her young daughter should not be, and is not, condoned by this court. However, as between the father and mother, we find the advantages of awarding custody to the mother outweigh entrusting her care to her father. We make this decision realizing that a child custody award may always be changed if future circumstances show that it would be in the best interests of the minor.
That portion of the judgment decreeing a divorce is affirmed; otherwise it is reversed and Gail Jo Ann Wade is awarded the permanent care, control and custody of Darlene Wade. Plaintiff is cast for costs.