364 So.2d 152 (1978)
Vincent BROCATO, Jr.
v.
Elosia Ann Babin BROCATO.
Elosia Ann Babin BROCATO
v.
Vincent BROCATO, Jr.
Nos. 12146, 12147.
Court of Appeal of Louisiana, First Circuit.
October 9, 1978.
*153 Kenneth L. Riche, Baton Rouge, of counsel, for Vincent Brocato, Jr. in both cases.
Richard C. Cadwallader, Baton Rouge, of counsel, for Elosia Ann Babin Brocato in both cases.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Defendant (Appellant), Elosia Ann Babin Brocato, appeals from judgment awarding temporary care, custody and control of the minors Monette Brocato and Trey Brocato, ages eleven and seven, respectively, issue of the marriage between Appellant and Plaintiff (Appellee), to Appellee and placing the children in the physical custody of their paternal grandparents, Mr. and Mrs. Vincent Brocato, Sr., who reside in Nashville, Tennessee. We affirm.
Both parties hereto filed suits for separation alleging cruelty and habitual intemperance on the part of the other and each alleging the other to be unsuitable to have custody of the children. The actions were consolidated for trial and, after numerous hearing days, were submitted to the trial judge and taken under advisement on August 3, 1977. On October 14, 1977, Appellee moved to reopen the case for the purpose of presenting evidence of events occurring subsequent to the case having been taken under advisement. Appellant opposed the motion to reopen which motion was then heard contradictorily and allowed by the trial judge. Two additional trial days were held and the matter again taken under advisement. Following resubmission, counsel for Appellant wrote a letter to Appellee's counsel complaining of incidents which transpired after the matter was resubmitted, namely, occasions on which Appellee allegedly refused to surrender the children to Appellant. A copy of this letter was sent to the trial judge who had the case under *154 advisement. In refutation of the charges, Appellee submitted to the trial judge a copy of a police report which detailed the facts of one of the alleged incidents.
Appellant contends the trial judge erred in: (1) considering a police report of an incident involving the parties subsequent to submission of the case for decision on the merits because: (a) the report is hearsay, and (b) the trial judge was limited to consideration of evidence adduced at trial in deciding the case on its merits; (2) awarding custody to the father contrary to the rule which prefers the mother in cases involving custody of children, especially children of tender years; (3) awarding the temporary custody to persons living outside the state, and (4) permitting Appellee to reopen the case after trial and submission for decision.
Concerning the trial judge's reopening of the case, it is well settled that such a matter is within the sound discretion of the trial court and the exercise of such discretion will not be disturbed on appeal except in case of a showing of an abuse of that discretion. Hyatt v. Hartford Accident and Indemnity Company, 184 So.2d 563 (La.App. 3rd Cir. 1966). Appellant contends the case was improperly reopened because the motion to reopen did not detail the grounds upon which the motion was based and was not verified by Appellee's affidavit as required by La.C.C.P. Article 1975. Conceding, arguendo, that such a motion must be verified by movant's affidavit, no such objection to reopening the matter was made by Appellant in the trial court. So far as the record shows, Appellant objected to the reopening solely on the ground that the matter had been submitted for decision and that the trial judge should not have received evidence of events occurring after the matter had been taken under advisement. Custody is a matter which may be inquired into at any time if the interest or welfare of the children involved so requires. It lay within the sound discretion of the trial judge to reopen this matter to receive additional evidence which he felt might aid in his decision. Appellant, having failed to advance in the trial court the technical objection urged on appeal, is deemed to have waived such objection.
Under the circumstances, we find no error on the part of the trial judge in considering the police report submitted after this matter was taken under advisement. As already noted, Appellant's counsel wrote a letter to Appellee's attorney, subsequent to submission of the case, a copy of which was sent to the trial judge. The letter criticized severely certain alleged actions of Appellee subsequent to the trial judge's taking the matter under advisement. The police report was submitted to counter the allegations in the letter. Appellant, being the first to convey to the trial judge evidence of actions occurring after the matter was submitted, is in no position to equitably complain of Appellee's similar conduct. Moreover, it is evident from the trial judge's written reasons for judgment that he did not rely on the police report in reaching his decision.
As argued by Appellant, our jurisprudence establishes that the mother is preferred in custody cases unless she has been shown to be morally unfit. McManus v. McManus, 250 So.2d 498 (La.App. 1st Cir. 1971). Such preference, however, is not absolute and unqualified. The primary concern in custody cases is the welfare of the child or children involved and courts may award custody to a person other than the mother when the welfare of the child or children concerned so requires. Gulino v. Gulino, 303 So.2d 299 (La.App. 1st Cir. 1974).
In custody cases much discretion is vested in the trial judge whose determination will not be disturbed on appeal except in case of a showing of an abuse of such discretion. Malbrough v. Malbrough, 267 So.2d 265 (La.App. 1st Cir. 1972).
No useful purpose would be served by detailing the voluminous evidence concerning the alleged immorality and unsuitability charged by each party herein against the other. It suffices to state that the reasons for judgment assigned by the trial judge *155 indicate clearly that while he questioned the suitability of both parents, he nevertheless deemed the best interest of the children would be served by placing them in the temporary care and custody of their father. Based on the record, we find no abuse of trial court discretion in this instance.
Appellant relies on Fayard v. Fayard, 181 So.2d 304 (La.App. 4th Cir. 1965) and Sachse v. Sachse, 150 So.2d 772 (La. App. 1st Cir. 1963), in support of her argument that the trial court erred in granting custody to the father and allowing the paternal grandparents to temporarily take the children to Nashville, Tennessee. The cited authorities recognize that children generally should remain within the jurisdiction of the state but that in exceptional circumstances the party granted custody may be allowed to remove a child to another jurisdiction. Later authorities appear to have broadened the above rule to allow more freedom with regard to removing children from the jurisdiction of the court. See Pattison v. Pattison, 208 So.2d 395 (La.App. 4th Cir. 1968) and Broomfield v. Broomfield, 283 So.2d 839 (La.App. 2d Cir. 1973).
The maternal grandmother, who lives in Louisiana, was willing to accept custody of the children. The trial judge's reasons for judgment indicate that he found the maternal grandmother as suitable as the paternal grandparents to have temporary physical possession of the children but that he preferred the paternal grandparents because the maternal grandmother worked. The trial judge's reasons for judgment demonstrate clearly that in his considered opinion the best interest of the children would be served by their being temporarily placed in the physical possession of the paternal grandparents even though they might reside outside of the state until the matter of their permanent custody could be resolved: Under the circumstances peculiar to this case we find no abuse of discretion on the part of the trial judge.
The judgment is affirmed at Appellant's cost.
Affirmed.