367 So.2d 162 (1979)
Homer Leon HALL, Plaintiff-Relator,
v.
Marcie Thomas HALL, Defendant-Respondent.
No. 13816.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1979.
*163 Rankin, Yeldell, Herring & Katz by Charles E. Herring, Jr., Bastrop, for plaintiff-relator.
Love, Rigby, Dehan, Love & McDaniel by Truly W. McDaniel, Shreveport, for defendant-respondent.
Before PRICE, HALL and MARVIN, JJ.
MARVIN, Judge.
In this child custody contest between the mother and father, the lower court awarded permanent custody of a nine-year-old and three-year-old to the maternal grandfather and step-grandmother, in whom custody was not prayed for by either parent and who were not themselves parties to the suit. We granted writs and reverse and remand.
In Stuckey v. Stuckey, 276 So.2d 408 (La. App. 2d Cir. 1974), we awarded permanent custody to grandparents who were not parties, but in whom the father had originally prayed for custody. Temporary custody has been awarded to grandparents who were willing to accept such custody pending determination of permanent custody even though not parties and apparently even though their being awarded custody had not been prayed for by either parent. Brocato v. Brocato, 364 So.2d 152 (La.App. 1st Cir. 1978).
In Wade v. Wade, 362 So.2d 1151 (La. App. 2d Cir. 1978), the trial judge ordered a custody contest converted to a juvenile proceeding under LRS 13:1561 et seq. although the evidence did not show that the child was a neglected child within the meaning of the juvenile statutes. Temporary custody was there awarded to a great-uncle and aunt. We reversed on the grounds that the statutory prerequisites for invoking the juvenile laws had not been met under the circumstances and awarded permanent custody to the mother notwithstanding that it was shown that she had lived in open adultery before the child. See also Lulich v. Lulich, 361 So.2d 451 (La.App. 4th Cir. 1978); Mertens v. Mertens, 308 So.2d 508 (La.App. 3d Cir. 1975).
The leading case of Wood v. Beard, 290 So.2d 675 (La.1974) recognized as paramount, the right of a parent to custody of his or her children as against a third person and that parents nonetheless may forfeit this right when they are found to be unfit, unable or unwilling, as in the case of abandonment, to provide a home for the children. Absent a forfeiture for these reasons, permanent custody cannot be awarded a third person, especially one in whom custody has not been prayed for by either parent or who is not a party to the contest. See Bryan v. Bryan, 311 So.2d 32 (La.App. 2d Cir. 1975). Wood stressed that it is not proper merely to compare the parent's situation with that of a third person and award custody on the basis of what would be in the best interest of the child. CC Art. 157, as amended, contemplates that the best interest comparison shall be made between the situation of the mother and that of the father.[1]
Neal v. White, 362 So.2d 1148 (La.App. 2d Cir. 1978), expressly found a forfeiture of parental right by the mother and is not authority for awarding custody to a third person over a parent solely on the best interest premise.
Here the lower court granted the divorce on the grounds of "mutual adultery" but did not expressly find that each parent had forfeited his or her parental right as contemplated in Wood and its progeny. The finding of a forfeiture by unfitness or other reason cannot be presumed but must be supported by evidence and expressly determined. The factual circumstances of the record thus far will not support a finding of forfeiture of parental rights by reason of both parents being unable (or incapable) of maintaining custody.
While we have the authority to make the determination under CCP 2164, we consider the determination of permanent custody can best be made by the trial judge either *164 on the basis of the evidence previously taken or on such additional evidence as the trial judge may direct in view of the passage of time since this record was compiled. Temporary custody of the children, pending determination of their permanent custody, shall remain with the grandparents and subject to the further orders of the lower court.
The appeal, or appeals, of the judgment relating to custody upon which relator's application is made, shall be dismissed by us as moot on these questions at the appropriate time.
Judgment below is reversed insofar as it awards permanent custody and this cause is remanded for further proceedings. Costs here shall be assessed in the judgment below eventually awarding permanent custody.
NOTES
[1] Paragraph A of Article 157 reads, in part:

"In all cases of . . . divorce, permanent custody . . . shall be granted to the husband or the wife, in accordance with the best interest of the child . . ."