PRICE, Judge.
Plaintiffs filed this habeas corpus proceeding seeking to recover the physical custody of their grandchildren from the mother of the children. The trial court found it to be in the best interest of the children for them to remain in the custody of the mother and rendered judgment in her favor. Plaintiffs appeal and we affirm.
Defendant and her husband were divorced in Arkansas in 1977. In that proceeding both parents were found to be unfit to have custody of their three minor children and custody was awarded to plaintiffs, the paternal grandparents. In July 1978, while exercising her visitation privileges with the children in Arkansas, defendant took the children to her home in Monroe where they remain at this time. Plaintiffs filed this suit in October 1978 seeking to have the children returned to them.
The trial court found the defendant had matured and stabilized her life sufficiently to become a fit person to have custody of the children and awarded custody to her despite the fact there had been no evidence that the environment and circumstances in the plaintiffs’ home were detrimental to the welfare of the children. The court held the “double burden rule,” which normally requires such a showing to sustain a change in custody, should not be strictly applied where a previously unfit mother has drastically improved her circumstances.
Plaintiffs appeal contending the trial court erred in changing custody after a considered decree by the Arkansas court without requiring a showing that the present custody was deleterious to the welfare of the children. Additionally they contend the evidence is insufficient to support the trial court’s conclusion that the defendant has adequately changed her circumstances to become a fit parent.
In the case of Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), the Supreme Court formulated the guiding principles to be used in making custody determinations. Among these principles is the so-called “double burden rule” which plaintiffs claim should be given controlling consideration in this case. Generally stated this “rule” provides that when the trial court has made a considered decree of permanent custody, a party seeking change of custody bears the burden of proving not only that he can provide a proper home and environment for the child, but also that continuation of the present custody would be deleterious to the welfare of the child. In a footnote the court declared the basis of this “rule” to be “the general policy of continuing custody of children in one parent rather than changing them readily from parent to parent, or at least unsettling their stable environment through repeated custody rules resulting from altercations and accusations of the parents following the initial custody determination.”
Given the basic policy underlying this principle, together with the caveat that none of the Fulco principles need be applied inflexibly, but rather should be used simply as guidelines for determining what is in the best interest of the child, we do not find the trial court erred in disregarding the “double burden” requirement in this case. See Hilliar v. Richard, 291 So.2d 875 (La.App. 3d Cir. 1974); DeCelle v. DeCelle, 313 So.2d 634 (La.App. 2d Cir. 1975); and Schexnay- *169 der v. Kincke, 372 So.2d 742 (La.App. 4th Cir. 1979).
This case does not involve a dispute between the two natural parents, but instead involves a contest between a parent and non-parents. Consequently, the danger of continually unsettling the children’s stable environment by repeated custody disputes between the parties is minimal.
Furthermore, our courts have held that in a custody contest between a parent and a non-parent, the parent must prevail unless he or she is shown to be unfit or has forfeited parental rights. Wood v. Beard, 290 So.2d 675 (La.1974); Snell v. Snell, 361 So.2d 936 (La.App. 2d Cir. 1978). Although in both of these cases there was no prior considered decree awarding custody, we find the reasoning behind these decisions is fully applicable in our present case: it will generally be in the best interest of a child to be raised by his natural parent if at all possible. We do not find the trial court erred in concluding that the benefit to the children resulting from their custody being returned to their mother well outweighed the possibly harmful effects of disrupting their stable environment in the home of the grandparents.
Plaintiffs’ contention that the trial court erred in concluding defendant has now become fit and capable of caring for the children is without merit. Defendant, a twenty-eight-year-old woman, has now remarried and established a stable home with her new husband. She has apparently discontinued her use of marijuana and has become involved in church activities. Under these circumstances, we do not find the trial court abused its broad discretion in determining that defendant has sufficiently reformed her lifestyle to once again entitle her to custody of her children.
The judgment is affirmed at appellants’ costs.