384 So.2d 489 (1980)
Loretta McKee BURT, Plaintiff-Appellant,
v.
Vernon McKEE, Jr., Defendant-Appellee.
No. 14126.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1980.
Rehearing Denied June 12, 1980.
*490 D. G. Tyler, Shreveport, for plaintiff-appellant.
Gamble & Sledge by Claude R. Sledge, Mansfield, for defendant-appellee.
Before PRICE, HALL and MARVIN, JJ.
En Banc. Rehearing Denied June 12, 1980.
MARVIN, Judge.
The plaintiff-mother in a habeas corpus proceeding appeals a judgment awarding custody of her three-year-old daughter to the defendant-maternal grandfather.
In a custody contest between a parent and non-parent, the parent must prevail unless the record affirmatively shows the parent's unfitness or forfeiture of parental rights. Wood v. Beard, 290 So.2d 675 (La.1974); State ex rel. Sharp v. Sharp, 375 So.2d 167 (La.App.2d Cir.1979), writ refused. The record in this case does not show unfitness or forfeiture. We reverse.
This child was born in September 1976 and remained with her mother until October 1977, when the maternal grandfather assumed physical custody of the child. The child was the product of the mother's common law union at age 15 in Texas with a man who was later sentenced to the Texas State Penitentiary. On May 15, 1978, in habeas corpus proceedings between these same litigants, the custody of the child was confirmed in the mother on a finding that she had obtained a job, a good place to keep the child, and had maintained a stable life style in Texas.
The instant proceeding arose in 1979 after the maternal grandfather declared that he would not return the child to the mother, who had allowed the child to visit in the Louisiana home of the grandfather around July 4, 1978. Since that time the child has lived in the home of the grandfather but has been visited by the mother on two or three occasions. On other occasions there has been contact between the mother and grandparent about the child by mail and by telephone. This proceeding was filed and tried earlier but judgment was not rendered until October 1979.
The trial court awarded custody to the grandfather because the mother moved the child into the Texas home of David Burt and began living with him in a common law union in June 1978 when Burt was not legally divorced. Burt obtained his divorce in September and he and the mother married in October 1978. She was then pregnant with his child (her second) which was born in March 1979. Burt is gainfully employed and he, the mother and their child live together in a home in Texas which they purchased before trial.
The trial court requested and obtained a "home study" of each litigant which was made by a proper agency in each state. These studies were not contained in the record, but the trial court declared that both were favorable. We interpret this *491 declaration to mean that the respective environments and relationships in which the child would be living would not present any detriment to the well-being of the child.
Notwithstanding this declaration and testimony by the mother and David Burt about the stability of their home and their family relationship, the lower court found that the mother "is without acceptable moral values ... does not have an acceptable home environment ... and that it is to the ... best moral and physical interests of [the child that she] be placed in the custody of her grandfather..."
The lower court also mentioned the mother's neglect of the health of the child. This conclusion is drawn from the fact that the child had a fever about June 9, 1978, when the grandfather visited the child in Texas. Even though the mother had made an appointment for the child to see a doctor, the mother agreed on that day to immediately take the child to a doctor. The child was treated and released on that day for an ear inflammation or infection (ear drops) and for mosquito bites (lotion). No serious illness such as tonsilitis was discussed or treated. No prescriptions were written. No further treatment was ordered.
After the grandfather refused to return the child about July 7, 1978, and while the child was living with him, she developed fever with apparent infections for which she was medically treated. In late August 1978, the child's tonsils were surgically removed without event and her health is and has since been otherwise normal. The grandfather acknowledged that the child's health would not prevent her being returned to her mother. The record does not contain any expert medical evidence to support the conclusion that the mother has neglected the child's health.
The grandfather also acknowledged that he had not been in Texas and knew nothing of the home environment of the daughter since July 1, 1978. The only evidence of this environment since that time and particularly of that environment since the mother's marriage and the birth of her second child is contained in the home study by the Texas state agency (which is "favorable" according to the trial court) and in the testimony of the mother and her husband, David Burt, which is also "favorable".
David Burt is steadily and gainfully employed. He first married at age 15 and that marriage endured for 10 years. He was separated from his first wife when he met this plaintiff. His earnings average more than $500 a week. He described plaintiff as a good housekeeper, a good mother and a good wife. The plaintiff-mother said:
"... [W]e have been married for ten months now ... we just bought a home ... we live just about like any other couple ... he works every day, comes home ... we live a normal life just like everybody else. We might not go to church, but ... we have got our own religion other than that we are a normal family..."
A parent enjoys a paramount right to custody of her child as against a non-parent. Hall v. Hall, 367 So.2d 162 (La.App.2d Cir.1979); Dillon v. State, 336 So.2d 1066 (La.App.2d Cir.1976); Wood v. Beard, supra. It is usually in the best interest of a child that custody be awarded a parent. Snell v. Snell, 361 So.2d 936 (La. App.2d Cir.1978). Non-parents have been awarded custody as against parents, but the circumstances always establish a forfeiture by a parent that are usually extreme and well-supported. Snell, supra; Hall, supra; Neal v. White, 362 So.2d 1148 (La.App.2d Cir.1978). It is not proper merely to compare the parent's situation with that of the non-parent and award custody on the basis of best interest of the child. The best interest comparison is the proper basis for custody contests between parents, where neither enjoys a paramount right. CC 157. Forfeiture of custody must be expressly determined and well-supported. Hall, supra.
The declaration here that it is to the best moral and physical interests of the child that custody be placed in the grandfather is not an express determination of forfeiture *492 of the parental right. Even an implied determination is not supported by this record. In custody contests, the law does not require perfection of a parent or of a child's environment. See cases supra. See Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971) and Monsour v. Monsour, 347 So.2d 203 (La.1977).
Judgment below is reversed and it is ordered that the respondent-appellee forthwith surrender custody of the child, Ruth Singletary, to the relator-appellant, Loretta Lavern McKee Burt, in whom permanent legal custody of the child shall be maintained. All costs here and below shall be paid by respondent-appellee.
REVERSED AND RENDERED.