383 So.2d 59 (1980)
Herman LaCROIX and Tawana LaCroix, Plaintiffs-Appellants,
v.
Jacquita Lamb COOK, Defendant-Appellee,
Edward L. Florence, Intervenor-Appellee.
No. 14099.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1980.
Writ Refused May 19, 1980.
Bodenheimer, Jones, Klotz & Simmons by Frank H. Thaxton, III, Shreveport, for plaintiffs-appellants.
Fish, Montgomery & Robinson by John M. Robinson, Springhill, for defendant and intervenor-appellees.
Before PRICE, HALL and McCLENDON, JJ.
McCLENDON, Judge.
This appeal was taken from a judgment awarding legal custody of a 12-year-old boy to his father as intervenor in a custody proceeding instituted initially by the maternal grandmother and step-grandfather against the child's mother. We affirm.
Custody of this child was awarded to the mother in connection with a 1969 Texas *60 divorce judgment dissolving the marriage between the parents.
The father attempted unsuccessfully to get custody of the boy in Caddo Parish, Louisiana in 1970.
Thereafter for some three years or more the child was in the physical custody of his paternal grandparents with the consent of his mother. Apparently that arrangement terminated only because that grandfather received a serious head injury connected with his timber business.
The mother then took the child to her own mother and step-father to be cared for by them.
By this time both parents had married again. The father and his present wife lived in the state of Missouri for several years.
In October of 1975 while the child, Edward, known in the family as "Bubba", was living with the maternal grandparents, the mother executed a notarial act giving his custody to her mother, Mrs. Tawana Flowers LaCroix, wife of Herman M. LaCroix, for an "indeterminate period of time" not less than the completion of the 1975-76 school year.
"Bubba" remained in the LaCroix home in the Haughton, Louisiana area for the next four years and was cared for completely by these grandparents. Neither parent contributed to his support and had very little contact with the child during that period.
Instead of resisting the present suit for custody filed against her, Mrs. Cook joined the child's father in his intervention and signed a joint motion with him requesting the trial court to award custody to him.
The LaCroix's appeal raises two issues. First, they contend the evidence shows that Mr. Florence had forfeited his right of parental preference to custody and, second, the welfare and best interest of the child dictates that he not be uprooted from a home and community situation that was not shown to be in any manner detrimental to his welfare.
Appellants' first contention admits, as well it must, that natural parents are entitled to preference in any contest between them, or one of them, and a non-parent for custody of a child.
Counsel for both appellants and appellee cite Wood v. Beard, 290 So.2d 675 (La.1974), in connection with this rule of parental preference and there really is no occasion for extensive citation of further jurisprudence to the same effect.
We find from his oral opinion that the trial court gave due consideration to all the evidence and concluded under the circumstances of this case that there was no forfeiture of the father's parental preference. Having thus concluded, and further having found both home situations acceptable, he properly refrained from attempting to weigh one home situation against the other to determine which would be in the "best interest" of the child.
Wood v. Beard, supra, very definitely labeled this "weighing" procedure improper in the following language at page 677:
". . . The best interest of the minor is not served by denying parental custody after deciding which of two qualified, competing family groups can deliver a quality of child custody more pleasing to the court. A judicial comparison of qualified competitors for custody of a child does violence to the rule of `parental right.' . . ."
We conclude that in the present case there has been no abuse of the much discretion vested in the trial court in child custody cases and its judgment is affirmed at appellants' cost.