CHEHARDY, Judge.
Marilyn Clesi Ingargiola, former wife of Joseph Lawrence Ingargiola, appeals a July 9, 1980 trial court decision dismissing the rule to change custody of her minor children, Lisa, Joseph Lawrence, Michael and Stephen Ingargiola, from their paternal grandparents, Mr. and Mrs. Joseph Ingargi-ola, to her. Temporary custody had been given to the grandparents at a hearing on May 18, 1979, when the judge found Marilyn Clesi Ingargiola not able to take custody of her children.
At the April 18,1980 hearing on the rule, the district judge stated in part:
“* * * The Court states that since the amendment of the law in regard to Article 157 of the Code of Civil Procedure, that is custody of children in 1979, the regular legislature provided that in cases such as these the Court no longer had the alternative to place the children in the hands of the grandparents or any other parties, that the Court must choose between the mother and father. Previous to that and at the time of the initial granting of custody of these children that restriction was not placed on the Court. So, that is the first problem [of] the Court. * * *”
In stating his finds of fact from the bench at the end of the proceedings, the trial court judge also observed:
“* * * I don’t find anything in either one of the children which would make the Court either deny the father, the grandparents, or the mother custody.

“The only finding I see as far as I’m concerned is that I make the finding of fact that Mrs. Ingargiola is now well and able to care for her children. * * *
In the oft-cited case of Wood v. Beard, 290 So.2d 675 (La.1974), the court stated at page 677:
“When the parent competes with non-parents of the child, the parent’s right to custody is superior, unless the parent is unable or unfit, having forfeited parental rights. State ex rel Martin v. Garza, 217 La. 532, 46 So.2d 760 (1950); State ex rel. Simpson v. Salter, 211 La. 918, 31 So.2d 163 (1947); State ex rel Martin v. Talbot, 161 La. 192, 108 So. 411 (1926); Ex parte Lincoln, 128 La. 278, 54 So. 818 (1911). See also State ex rel. Lombardo v. Miller, 232 La. 617, 94 So.2d 888 (1957). No such forfeiture has been found by either court below, and the evidence will not support such a finding. Nor will the evidence support a conclusion that custody in the parent will be inimical to the welfare of the child.” ?
The court also said in the recent case of Neal v. White, 362 So.2d 1148 (La.App.2d Cir. 1978), at page 1149:
“Although a mother has a superior right to her child over third persons, this right must yield to the superior right of the state to deprive her of care and custody of the child in the event the physical, mental and moral welfare of the child requires it. State v. Watson, 219 La. 265, 26 So.2d 740 (1946). When the parent competes with nonparents of the child, the parent’s right to custody is superior, unless the parent is unable or unfit, having forfeited parental rights. Wood v. Beard, 290 So.2d 675 (La.1974). The ‘best interest rule’ applies whether the child is legitimate or illegitimate. Creppel v. Thornton, 230 So.2d 644 (La.App. 4th Cir. 1970).”
In the present case, the effect of the trial court judge’s dismissal of Mrs. Ingargiola’s rule to change custody was to retain custody of the children in the paternal grandparents, pursuant to an agreement to stipulated custody in the paternal grandparents, as made by both the parents of the children at a hearing on a rule to show cause on May 18, 1979. At that hearing, however, the district court judge noted that based on the testimony of Mrs. Ingargiola’s physician, he did not feel she was, at that time, able to take custody of the children. At the April 18, 1980 hearing, however, as noted supra, the trial judge found that the mother of the children was “now well and able to care for her children.” In view of that finding, therefore, we can only hold that the court’s denial to her of custody in favor of the *499 paternal grandparents was, under the jurisprudence of Wood v. Beard, supra, and Neil v. White, supra, contrary to the applicable law and an abuse of the trial court judge’s discretion.
In the case of Hall v. Hall, 367 So.2d 162 (La.App.2d Cir. 1979), the court did not find a forfeiture of parental rights through unfitness or incapacity of maintaining custody, and, therefore, reversed a trial court’s award of permanent custody to maternal grandparents in preference to both the parents who were competing for custody. That case is distinguishable from the present one, however, in view of the fact that in that case neither party had prayed for custody to the grandparents, whereas in the present situation custody in the grandparents is supported by the children’s father in his testimony at the hearing.[1] In Hall, moreover, the court maintained that temporary custody has been awarded to grandparents pending determination of permanent custody, even though their being awarded custody had not been prayed for by either parent, citing Broeato v. Brocato, 364 So.2d 152 (La.App. 1st Cir. 1978).
In the present case, however, the district court judge gave no reasons for maintenance of temporary custody in the paternal grandparents, rather than deciding the issue of permanent custody and in spite of finding that the mother of the children was fit to care for them.
For the foregoing reasons the judgment of the trial court dismissing Mrs. Ingargio-la’s rule for change of custody is reversed and we render judgment in favor of Mrs. Marilyn Clesi Ingargiola granting to her the care, custody and control of the minors, Lisa, Joseph Lawrence, Michael and Stephen Ingargiola. Each party is to bear his own costs of the proceedings.

REVERSED AND RENDERED.

. At the April 18, 1980 hearing the father of the children did not ask the court to formally grant him custody of the children.