415 So.2d 300 (1982)
Billie Triplett JONES, Plaintiff-Appellee,
v.
Maurice Allen JONES, Sr., Defendant-Appellant.
No. 14852.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1982.
Rehearing Denied June 17, 1982.
Bobby L. Culpepper, Jonesboro, for plaintiff-appellee.
Smith & Bowers by Gary A. Bowers, Shreveport, for defendant-appellant.
*301 Before PRICE, MARVIN and NORRIS, JJ.
NORRIS, Judge.
In this child custody contest, the father appeals an adverse judgment maintaining custody of a twelve year old girl and a nine year old boy with their maternal grandparents. We reverse.
Appellant, Maurice Allen Jones, Sr., and Billie Vernelle Triplett Jones were married in 1958, physically separated in January of 1975 and divorced in March of 1977. Six children were born of the marriage; and the youngest two, Landra Lu-Niece (Luniece) and James Douglas, are the subjects of this custody dispute.
In 1975, Billie Jones abandoned appellant and her minor children. Consequently, Vernon and Bernice Triplett, their maternal grandparents, assumed the care of the children. Subsequently, in a 1977 judgment of divorce, the grandparents were awarded custody of the three youngest children with the mother being awarded custody of two older daughters. Appellant, a tugboat captain who was away from home much of the time, consented to this custody award because he was unable to provide a home and supervision for his children at that time. According to the evidence, appellant paid child support to the Tripletts on a regular basis[1] and enjoyed frequent multi-day visits with his three youngest children until June, 1980. Appellant remarried in 1977; he and his present wife have a four year old son.
In May, 1980, appellant attempted to obtain legal custody of his three youngest children. This litigation was resolved by stipulation judgment[2] with appellant receiving custody of Maurice, Jr. and the Tripletts maintaining custody of the children made the subject of this dispute. Appellant was awarded specific visitation privileges with his children and child support was fixed at $150 per month. Because of the custody litigation, Mr. Triplett became upset with appellant and thereafter restricted appellant's visitation privileges with the children to those specifically set forth in the 1980 judgment. Thereafter, appellant continued to pay child support, occasionally provided additional clothes and funds for the children and the Triplett household, and exercised his visitation privileges.
On June 23, 1981, appellant again filed for custody of Landra and James. The Tripletts opposed this change of custody, and the mother intervened in the proceedings in favor of her parents.
Trial on the rule began July 13, 1981, with Bernice Triplett and appellant being the only witnesses. After their testimony, the trial court interrupted the proceedings in order for the children to be evaluated by a psychologist. Trial was resumed and concluded on August 31, 1981, and the confidential psychological reports concerning both children were filed into evidence. Only Glenda Jones (appellant's wife), Billie Jones (the children's mother)[3] and Mrs. Triplett testified.
At the conclusion of the trial, the trial court in oral reasons maintained custody of the children with the Tripletts primarily on the basis that the children had told him privately in chambers that although they loved their father, they preferred to remain with the Tripletts. It is from the judgment *302 maintaining custody of the children with the Tripletts that this appeal is taken.
The law is well settled that a parent enjoys a paramount or superior right to custody of his child as against a nonparent. Deville v. LaGrange, 388 So.2d 696 (La. 1980); Wood v. Beard, 290 So.2d 675 (La. 1974); Burt v. McKee, 384 So.2d 489 (La. App.2d Cir.1980); Hall v. Hall, 367 So.2d 162 (La.App.2d Cir.1979). A parent may be deprived of that custody only when there are compelling reasons, such as the parent has forfeited his right to parenthood, he is unfit, or he is unable to provide a home for the child. The burden of proving "compelling reasons" rests with the non-parent. Snell v. Snell, 347 So.2d 511 (La.App.2d Cir. 1977). It is not proper to merely compare the parent's circumstances and situation with that of the non-parent and award custody on the basis of best interests of the child. The "best interest" comparison is the proper basis for custody contests between parents; it is not properly applied to a contest between a parent and a non-parent because the parent enjoys the paramount right to custody. Burt v. McKee, supra; Powell v. Barsavage, 399 So.2d 1308 (La. App. 4th Cir. 1981); LaCroix v. Crook, 383 So.2d 59 (La.App.2d Cir.1980). (See also Laura Elaine Johnson Smith v. William C. Johnson, et al, La.App., 415 So.2d 291, bearing docket No. 14,840 handed down by this court on this same date.)
In the instant case, the trial court did not find, and the record does not support a finding, that appellant has forfeited his right to parenthood; is unfit to care for his children; or is unable to provide a home for them. Although the Tripletts have cared for these children for a considerable period of time,[4] we do not consider this to be a compelling reason to leave the children with them particularly in light of plaintiff's remarriage, stable lifestyle, and close, loving relationship with his children. Likewise, appellant's absences from home in connection with his employment do not constitute a compelling reason to deprive him of the custody of his children. His present wife's express desire to have the children in their home and willingness to care for them bolsters our conclusion in this regard.
Finally, we find the trial court's reliance on the preference of the children as a basis for denying the father custody was clearly wrong. Even under the "best interest" test, the preference of a child is but a factor to be considered along with other circumstances in determining who should be awarded custody. Sharpe v. Sharpe, 328 So.2d 893 (La.App. 1st Cir. 1976); Cenac v. Power, 211 So.2d 408 (La.App. 1st Cir. 1968). In a contest between a parent and non-parent, a child's preference, absent most unusual circumstances, is not a "compelling reason" to deny a parent his paramount right of custody. See State ex rel Martin v. Talbot, 161 La. 192, 108 So. 411 (La.1926); In Re State ex rel Thoman, 218 So.2d 571 (La.1969); Acomb v. Billeiter, 175 So.2d 25 (La.App. 4th Cir. 1965). In the instant case, there are no unusual circumstances and the children's expressed preference in favor of their grandparents is, at best, mild in nature.[5]
The trial court found and our review of the record reveals no compelling reasons to overcome the father's paramount right to custody in this case. The trial court erred in merely balancing the reasons for giving *303 custody to the father against those for not giving him custody and thus lost sight of the great weight to which the parental right to custody is entitled.
Therefore, at appellees' costs, the judgment appealed is reversed and judgment is hereby rendered in favor of Maurice Allen Jones, Sr. ordering that Vernon and Bernice Triplett forthwith surrender custody of the minors, Landra Jones and James Jones, to their father, Maurice Allen Jones, Sr., to whom permanent custody is awarded.
JUDGMENT REVERSED and RENDERED.
NOTES
[1] The testimony reveals that plaintiff paid court awarded child support regularly with the exception of a period of time in 1980 when he was cast in arrears for $461.34 by judgment dated June 23, 1980. Plaintiff explained this failure to pay child support as caused by two different occasions when he was hospitalized for a severe stomach problem. He paid the arrearages.
[2] Judgment was rendered in open court on June 10, 1980, in accordance with stipulations and signed and filed on June 23, 1980.
[3] Billie Vernelle Jones simply testified that she was of the opinion the children were better off with her parents because her former husband was away from home a good deal as a result of his job and she did not think it was his present wife's responsibility to care for the children. She did not seek custody for herself admittedly testifying that she was unable to stay home and care for the children.
[4] The record reflects that within the resources available to the Tripletts they have made every effort to properly care for the children since January, 1975.
[5] According to the psychologist's report, James expressed his desire to live with his grandparents but indicated to the psychologist that he could cope with the situation should his custody be granted to his father. His spontaneous comments to the psychologist about his father and stepmother were generally positive. Landra told her father and stepmother she desired to live with them. According to the psychologist's report, she "expressed a definite preference for moving to live with her father and stepmother." In his reasons for ruling, the trial judge noted that both children privately in chambers indicated to him their decision to stay with Mrs. Triplett. However, the trial judge indicated uncertainty as to why Landra had made that decision. The judge noted no animosity of the children toward anyone and felt they both "adored" their father.