PONDER, Judge.
Plaintiff, Herman Cotton, appealed the dismissal of a rule to obtain the custody of his illegitimate child. Defendant, Eugenia Holden, answered the appeal, seeking an increase in child support.
The issue is the best interest of the child.
We affirm.
Plaintiff and defendant lived in open concubinage in the home of plaintiff’s parents. Defendant gave birth to their daughter on October 24, 1980, and moved out of the house several months later, taking the baby with her. Plaintiff’s initial suit to obtain custody of his daughter was dismissed.
Several reunions and separations occurred between the parties until July, 1981, when defendant left the daughter with her sister, Barbara Maybeau, who was staying with friends, while she went to Alexandria to find a job and a place to stay for herself and her child. When the baby developed a severe rash, Barbara Maybeau called upon plaintiff to provide the needed care.
Plaintiff brought the baby to his parents’ home where she received medical attention. Plaintiff and his family cared for the baby until the trial court dismissed his rule for a change in custody and awarded the defendant $150.00 per month in child support.
The criterion in determining custody is the best interest of the child, whether legitimate or illegitimate. Neal v. White, 362 So.2d 1148 (2nd Cir.1978), writ denied 365 So.2d 243 (La.1978).
The test for proper appellate review of child custody is to give great weight to the determination of the trial court and to overturn that determination only when there is a clear abuse of discretion. Billiot v. Billiot, 415 So.2d 552 (1st Cir.1982).
The evidence on whether defendant properly clothed her child, kept her clean, used drugs in front of her, went out excessively, whipped the child needlessly and used her welfare money to provide for the child’s needs is contradictory. Defendant lived in at least five different places during the year prior to the hearing, including the home of plaintiff’s parents, defendant’s father’s home, defendant’s sister’s home, the home of a friend and the back of a bar. She has been unable to hold a job in the past for more than two to three months.
In the week prior to the hearing, defendant had obtained a job at a nursing home but had not yet begun to work. A friend had offered defendant and the baby a place to stay and her aunt had volunteered to help babysit.
Defendant testified that the plaintiff had once struck her and pulled a gun on her. There was some testimony, contradicted, that plaintiff was living in open concubinage with the defendant’s sister in the home of his parents.
*1375 The trial court, with all this evidence before it, decided to allow the mother to retain custody. Simply because either choice is undesirable with no advantage either way, we affirm. We do this, while quoting from the recent case of Bagents v. Bagents, 419 So.2d 460 (La.1982):
“In performing its function of deciding custody cases, the trial court is vested with a vast amount of discretion. On appellate review, great deference must be accorded to the decision of the trial court, not only because of that court’s better capacity to evaluate witnesses, but also because of the proper allocation of trial and appellate functions between the respective courts. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
The decision reached by the trial court in this case is not necessarily the decision that the individual judges of this court would have reached. Nevertheless, this court’s function is not to substitute its collective decision for that of the trial court, but to review the decision for error of law. We cannot say in this case that the trial court erred as a matter of law in deciding that a change of custody was in the child’s best interest.”
Defendant answered the appeal and asked for an increase of the amount of child support from one hundred fifty dollars per month to three hundred dollars per month. We find no abuse of the trial court’s wide discretion.
For these reasons, the judgment of the trial court is affirmed. Costs are to be paid by the appellant.
AFFIRMED.